UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
CAROL KULIG                                          )        No. Civ 1:13-cv-04715-PKC
on behalf of herself and all others similarly situated)
              Plaintiff                              )
                                                     )
              -v.-                                   )
MIDLAND FUNDING, LLC,                                )
MIDLAND CREDIT MANAGEMENT, INC.                      )
ENCORE CAPITAL GROUP, INC.                           )
      formerly MCM CAPITAL GROUP, INC.               )
AMANDA PEREZ                                         )
              Defendants                             )
-----------------------------------------------------------------x
```

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES TO [DE 26] PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO STAY TRIAL COURT PROCEEDINGS [DE 16]**

**TABLE OF CONTENTS**

I.  Defendants have the burden of demonstrating by competent evidence that there are no genuine issues of material facts regarding whether Plaintiff entered into a valid agreement to arbitrate this dispute. ……………………………………………………………………..1

II. Defendants have not met their burden of demonstrating that Plaintiff agreed to arbitrate this dispute ……………………………………………………………………………......2

    a. Defendants must submit an authenticated cardmember agreement containing the purported arbitration agreement and by admissible evidence tendered by a competent witness of assignment of Plaintiff's specific account. ……………………………………………………………………………………......2

    b. Fact questions remain as to whether MCM is able to admit putative records of Chase and MF, and those records create additional fact questions even if admissible.………………………………………………………………………...…7

        1. Defendants' own cases provide no support to the items at issue, and indeed demonstrate the glaring evidentiary deficiencies in the case at bar…………………………………………………………………………...…..7

        2. Contradictions in Defendants' purported evidence are indicia of lack of trustworthiness and cast doubt as to whether Minford is a "competent witness"……………………………………………………………………..…..9

            a. The tendered Cardmember agreement post-dates Ms. Kulig's last use of the card……………………………………………….10

            b. Conflicting documentation as to the date of the putative sales agreement from Chase to MF…………………………………...…12

            c. Minford does not even purport to authenticate certain important records……………………………………………………………...12

            e. Even assuming Minford was a "competent witness," Minford produces no business records from Chase that the tendered Cardmember Agreement governs Ms. Kulig's specific account…………………………………………………………….13

            f. The Purchase Agreement may prevent MF and the other Defendants from compelling arbitration but has been inexplicably omitted…………………………………………………………….14

            g. Unexplained redactions plus the insertion of an unsworn statement…………………………………………………….…16

III. Whether the Defendants comes within the scope of the arbitration
    agreement………………………………………………………………………………17

**TABLE OF AUTHORITIES**

**Cases:**

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11 (2d Cir. 1997)……………15

*Bellows v. Midland Credit Mgmt., Inc.,* 09CV1951-LAB WMC, 2011 WL 1691323 (S.D. Cal. May 4, 2011)…………………………………………………………………………………….8

*Bensadoun v. Jobe–Riat,* 316 F.3d 171 (2d Cir.2003)………………………………………1,13

*Bontempo v. Wolpoff & Abramson, L.L.P.*, CIV.A. 06-745, 2006 WL 3040905 (W.D. Pa. Oct. 24, 2006)……………………………………………………………………………………….19

*Britton v. Co–Op Banking Group,* 4 F.3d 742 (9th Cir.1993)………………………….…2,9

*Buford v. Palisades Collection, LLC,* 552 F.Supp.2d 800 (N.D.Ill.2008)………...………….3,15

*Carvant Financial LLC v. Autoguard Advantage Corp.*, No. 13–CV–00872 (ADS)(AKT), 2013 WL 3991471 (August 5, E.D.N.Y. 2013)……………………………………………………1,2

*Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196 (2d Cir.1995)…………………………………..….2

*Dedon GmbH v. Janus et Cie*, 411 F. App'x 361 (2d Cir. 2011)……….…………....……….1

*Funderburke v. Midland Funding, L.L.C.*, 12-2221-JAR/DJW, 2013 WL 394198 (D. Kan. Feb. 1, 2013)………………………………………………………………………………………....….7

*Hagy v. Demers & Adams, LLC*, 2:11-CV-530, 2011 WL 5325486 (S.D. Ohio Nov. 2, 2011)……………………………………………………………………………………..….3

*Henggeler v. Brumbaugh & Quandahl, P.C., LLO [Midland Funding, LLC, et al]*, 894 F. Supp. 2d 1180 (D. Neb. 2012)………………………………………………………………………...15,16

*Hinkle, Cox, Eaton, Coffield & Hensley v. Cadle Co.,* 111 Ohio App.3d 713 (Ohio Ct.App.1996)…………………………………………………………………………………..3

I*n re Am. Express Merchs.' Litig.*, 667 F.3d 204 (2d Cir.2012)………………...…………..1

*Johnson v. Chase Manhattan Bank USA, N.A.*, 784 N.Y.S.2d 921 (Sup. Ct. 2004)……….12

*Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F. Supp. 2d 640 (E.D. Va. 2006)………….19

*Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc.*, 10 CIV. 5715 DF, 2013 WL 3388427 (S.D.N.Y. July 1, 2013)……………………………….....4

*Kurz v. Chase Manhattan Bank U.S.A., N.A.*, 319 F. Supp. 2d 457, 464 (S.D.N.Y. 2004)………………………………………………………………………………………12

*LVNV Funding, LLC v. Mastaw*, M2011-00990-COA-R3CV, 2012 WL 1534785 (Tenn. Ct. App. Apr. 30, 2012)…………………………………………………………...………….….6

*Montalbano v. Cavalry Portfolio Servs.*, LLC, 2:12-CV-01471, 2013 WL 593988 (W.D. Pa. Feb. 15, 2013)……………………………………………………………………………...19

*Olnickv. Fulton, Freidman & Gullace, LLP*, No. 11-cv-71, DE 70, (W.D. Tex. Oct. 13, 2011)………………………………………………………………………….....7,8

*Ortho Pharm. Corp. v. Cosprophar, Inc.*, 828 F. Supp. 1114 (S.D.N.Y. 1993)…....…..3,4,5

*Pine Top Receivables of Illinois, LLC v. Banco De Seguros del Estado*, 12 C 6357, 2013 WL 677986 (N.D. Ill. Feb. 25, 2013)……………………………………………...….……15

*Reimann v. Brachfeld, [Midland Funding, et al]*, 2013 WL 5145784 (Cal.Super.) (August 2, 2013)……………………………………………………………….….…………..13,14

*Rockwell v. Chase Bank*, No. 10-1602 (RSL), 2011 WL 2292353 (W.D. Wash. June 7, 2011)………………………………………………………………………….….….12

*Saks Int'l, Inc. v. M/V Exp. Champion*, 817 F.2d 1011(2d Cir. 1987)………….……....4

*Schnabel v. Trilegiant*, 697 F.3d 110 (2d Cir. 2012)……………………………………..1,10

*Shannon v. Midland Funding, LLC*, 1: 11-cv-239, slip op., DE 19, (S.D. Cal. Sept. 12, 2011)…………………………………………………………………….....……9,11,13

*Shetiwy v. Midland Credit Mgmt.*, 12 CIV. 7068 SAS, 2013 WL 3530524 (S.D.N.Y. July 12, 2013)…………………………………………………………………….…..2

*Thompson v. Midland Funding, LLC*, 2011 U.S. Dist. LEXIS 85746 (N.D. Miss. Aug. 3, 2011)…..7, 8

*U.S. Bank. v. Richards,* 189 Ohio App.3d 276 (Ohio Ct.App.2010)………………….….3

*United States v. Jakobetz*, 955 F.2d 786 (2d Cir. 1992)………….……………………….4

*Webb v. Midland Credit Mgmt., Inc.*, 11 C 5111, 2012 WL 2022013 (N.D. Ill. May 31, 2012)…………………………………………………………………………….1,3,5

**Rules:**

Fed.R.Civ.P 12(b)(6)………………………………………………………………..…….9

Fed.R.Civ.P. 56(e)………………………………………………………………..…….9

        Respectfully submitted,
        /s/
        Ahmad Keshavarz
        THE LAW OFFICES OF AHMAD KESHAVARZ
        New York State Bar Number: 4524260

        The Law Office of Ahmad Keshavarz
        16 Court St., 26th Floor
        Brooklyn, NY 11241-1026
        Phone: (718) 522-7900
        Fax:    (877) 496-7809 (toll-free)
        Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT, INC;
ENCORE CAPITAL GROUP, INC; and
AMANDA PEREZ
By and through their attorney of record
Charles P. Greenman;
Kevin P. Wallace;
Troutman & Sanders, LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174


Date:  Brooklyn, NY
       September 26, 2013
   /s/
   Ahmad Keshavarz
   Attorney for Plaintiff