UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CAROL KULIG
on behalf of herself and all others similarly situated,

                Plaintiff,

    -v-

MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
ENCORE CAPITAL GROUP, INC.
formerly MCM CAPITAL GROUP, INC.,
AMANDA PEREZ

                Defendants.
------------------------------------------------------------------X

Civil Action No. 13-cv-4715

## DECLARATION OF KEVIN P. WALLACE

KEVIN P. WALLACE, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that:

1. I am an associate at Troutman Sanders LLP, attorneys for Defendants in the above-captioned action. I submit this Declaration and the materials annexed hereto in further support of Defendants' Motion to Compel Arbitration and to Stay Trial Court Proceedings.

2. As noted at the September 26, 2013 Initial Pre-Trial Conference, the parties have agreed to engage in limited, informal discovery concerning arbitration-related issues.

3. On October 22, 2013, Plaintiff served her First-Amended Answers To Defendants First Set Of Discovery Requests.[1] A true and correct copy is annexed hereto as **Exhibit 1**.[2]

4. Importantly, in response to Defendants' request for admissions, Plaintiff admitted (i) that she opened a credit card account with Chase; (ii) that she made purchases with that credit

---

[1] Plaintiff served her Original Answers earlier that day.
[2] Defendants believe that certain of Plaintiffs' responses are inadequate and that certain of her objections are improper. At this time, the parties have not had the opportunity to meet and confer to resolve these issues. Defendants hereby expressly reserve their right to do so.

card; (iii) that she made payments on that account; and (iv) that she made no changes to the terms and conditions of any Cardmember Agreement governing that account.

5. As noted in Defendants' briefs, under Delaware law, "[u]sing a credit card and making payments to the credit provider binds the cardholder to the terms and conditions of card use." *Anonymous v. JP Morgan Chase & Co.*, No. 05-cv-2442, 2005 U.S. Dist. LEXIS 26083, at *9-10 (S.D.N.Y. Oct. 29, 2005); *see also Ackerberg v. Citicorp USA, Inc.*, 898 F. Supp. 2d 1172, 1176 (N.D. Cal. 2012) ("Numerous courts have found that continued use or failure to opt out of a card account after the issuer provides a change in terms, including an arbitration agreement, evidences the cardholder's acceptance of those terms.") (citations omitted).

6. Accordingly, it cannot be disputed that Plaintiff is bound by the terms and conditions in the Cardmember Agreement governing her account.

7. Here, the evidence demonstrates that the terms and conditions include an agreement to arbitrate.

8. At the time the account was purchased, Chase transferred to Defendants a Cardmember Agreement applicable to the account. (*See* Minford Decl. ¶ 13, Exh. 4.) This Cardmember Agreement includes an agreement to arbitrate. (*See* Minford Decl., Exh. 4 at 3.)

9. Moreover, as noted in Defendants' Reply Brief, judicial authority and declarations filed in other cases reveal that Chase has been using the *exact same* arbitration provision at issue since *at least 2005. See Krutchik v. Chase Bank USA, N.A.*, 531 F. Supp. 2d 1359, 1362-63 (S.D. Fla. 2008) (quoting the 2005 Chase Cardmember Agreement).

10. For the reasons stated above and in the papers previously submitted herein, Plaintiff should be compelled to arbitrate. To the extent the Court finds that there remain any

factual issues, the Court should order more robust discovery and hold a hearing to resolve those issues.

    I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2013

_____
Kevin P. Wallace