# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

| | | |
|---|---|---|
| **CAROL KULIG** | ) | No. Civ **1:13-cv-04715-PKC** |
| | ) | |
| *on behalf of herself and all others similarly situated* | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **-v.-** | ) | |
| **MIDLAND FUNDING, LLC,** | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | |
| **ENCORE CAPITAL GROUP, INC.** | ) | |
|   **formerly MCM CAPITAL GROUP, INC.** | ) | |
| **AMANDA PEREZ** | ) | |
| **Defendants** | ) | |

----------------------------------------------------------------x


**AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

# **TABLE OF CONTENTS**

I.  INTRODUCTION………………………………………………...……………………...1

II.  RELIEF REQUESTED…………………………………...................................................1

III.  SUMMARY OF CLAIMS…………………………………...………………………1

IV.  ARGUMENT……………………………………………………………………………...3

  A.  Standard of review for class certification under Rule 23(a) and 23(b)(3)………………………………………………………………3

  B.  The proposed class satisfies the requirements for certification…………………...3

  1. Numerosity is satisfied - each of the classes consist of more than 40 individuals…………………………………………...……………4

  2. Common questions of fact and law exist because all class members were sued on debts that would be time barred under Delaware's statute of limitations……………………………………………………...5

  3. The claims of Plaintiff are typical of the claims of the class……...…11

  4. The representative parties will fairly and adequately protect the interests of the class……………………………………...…………12

  C.  Rule 23(b)(3) - Class Action Maintainable……………………………...…14

  1. Predominance…………………………………………………...14

  2. A class action is superior to other methods for the fair and efficient adjudication of the controversy………………………..…………16

  D.  The proposed class should also be certified pursuant to Rule 23(b)(2)…………18

  E.  Plaintiff's attorneys meet all the criteria for appointment as class counsel under the 2003 Amendments concerning appointment of class counsel contained in Rule 23(g)………………………………………………………..........20

**V.**     <u>CONCLUSION</u>………………………………………………………………21

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) …………………………..…15, 20

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013)……………....…3, 4, 6

*Ayzelman v. Statewide Credit Servs. Corp.,* 238 F.R.D. 358 (E.D.N.Y.2006) ……………...…7

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52 (2d Cir. 2000) ……………..…12

*Baptist v. Global Holding & Inv. Co., L.L.C*., 2007 WL 1989450 (E.D.N.Y. July 9, 2007) …..…8

*Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383 (D.Del.1991) …………………………..8

*Bonett v. Educ. Debt Servs., Inc.*, 2003 WL 21658267 (E.D. Pa. May 9, 2003) …………….…14

*Brown v. Kelly*, 244 F.R.D. 222 (S.D.N.Y. 2007) …………….…………………………….…9

*Burley v. City of New York*, 2005 WL 668789 (S.D.N.Y. 2005) …………………………….…9

*Cameron v. LR Credit 22, LLC,* 2014 WL 704308 (S.D.N.Y. Feb. 24, 2014) ………………8, 14

Casale v. Kelly, 257 F.R.D. 396 (S.D.N.Y.2009)……………………………………….…20

*Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 504 F.3d 229 (2d Cir. 2007) …………………………………………..…12

*Charron v. Pinnacle Grp. N.Y. LLC*, 269 F.R.D. 221 (S.D.N.Y.2010)…………………………20

*Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993) …………………………………..…10

*D'Alauro v. GC Servs. Ltd. P'ship*, 168 F.R.D. 451 (E.D.N.Y.1996) ……………………6, 11, 15

*Daniels v. City of New York*, 198 F.R.D. 409 (S.D.N.Y. 2001) ……………………………6, 9, 19

*Diaz v. Portfolio Recovery Associates, LLC*, 2012 WL 661456 (E.D.N.Y. Feb. 28, 2012)……..18

*Diaz v. Portfolio Recovery Associates, LLC*, 2012 WL 1882976 (E.D.N.Y. May 24, 2012)…8, 18

*Easterling v. Collecto, Inc*., 692 F.3d 229 (2d Cir.2012) …………………………………….…10

*Ellis v. Gen. Revenue Corp.,* 274 F.R.D. 53 (D.Conn.2011) …………………………………..…7

*Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179 (2011)……………………………8

*Franklin v. City of Chicago*, 102 F.R.D. 944 (N.D. Ill. 1984) ……………………………………6

*Genden v. Merril Lynch, Pierce, Fenner & Smith,* 114 F.R.D. 48 (S.D.N.Y. 1987)……………15

*Guarantee Ins. Agency Co. v. Mid Continental Realty Corp*., 57 F.R.D. 555 (N.D. Ill. 1972).....13

*Global Fin. Corp. v. Triarc Corp*., 93 N.Y.2d 525 (1999) …………………………………….…2

*Goodman v. Genworth Fin. Wealth Mgmt*., --- F.R.D. ----, 2014 WL 1452048 (E.D.N.Y. Apr. 15, 2014)…………………………………………………………………………………………....4

*Greisz v. Household Bank, N.A.*, 176 F.3d 1012 (7th Cir. 1999) …………………………..…20

*Gross v. Washington Mut. Bank*, 2006 WL 318814 (E.D.N.Y. Feb. 9, 2006)…………………..14

*Harrison v. Great Springwaters of America, Inc.*, 1997 WL 469996 (E.D.N.Y. 1997)…………14

*Hirschfeld v. Stone*, 193 F.R.D. 175 (S.D.N.Y. 2000) …………………………………………..…13

*In re Alcoholic Beverages Litigation,* 95 F.R.D. 321 (E.D.N.Y. 1982) …………………..…5

*In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285 (2d Cir. 1992)………………………5

*In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29 (2d Cir. 2009)……………..…5, 12

*In re Indep. Energy Holdings*, 210 F.R.D. 476 (S.D.N.Y. 2002)…………………………………...4

*In re Methyl Tertiary Butyl Ether (MBTE) Products Liability Litig.,* 241 F.R.D. 435 (S.D.N.Y. 2007)…………………………………………………………………………………………..15

*In re Playmobil Antitrust Litigation*, 35 F.Supp.2d 231 (E.D.N.Y. 1998) ……………………13

*In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig.,* 208 F.R.D. 493 (S.D.N.Y.2002) …………………………………………………………………..…11, 12

*In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013)…………………...19

*In re Visa Check/Mastermoney Antitrust Litigation*, 280 F.3d 124 (2d Cir. 2001)…………4, 15

*Labbate–D'Alauro v. GC Servs. Ltd. P'ship,* 168 F.R.D. 451 (E.D.N.Y.1996) ……….……*passim*

*Lemire v. Wolpoff & Abramson, LLP*, 256 F.R.D. 321 (D. Conn. 2009) ………………….……14

*Leone v. Ashwood Fin., Inc.,* 257 F.R.D. 343 (E.D.N.Y.2009) …………………………...……7

*Macarz* v. *Transworld Systems, Inc.*, 193 F.R.D. 46 (D. Conn. 2000)………………..12, 13, 15

*Mailloux v. Arrow Financial Services, LLC*, 204 F.R.D. 38, (E.D. N.Y. 2001)…………..11, 14

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir.1997) …………………………...…………6, 10, 19

*McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246 (E.D. Pa. 2006) …………………………14

*Mejdrech v. Met-Coil Systems Corp.,* 319 F.3d 910 (7th Cir. 2003) ……………………………15

*Monaco v. Stone,* 187 F.R.D. 50 (E.D.N.Y. 1999) …………………………………………….…9

*Moore v. PaineWebber, Inc.* 306 F.3d 1247 (2d Cir. 2002) …………………………….……15

*Nicholson v. Williams,* 205 F.R.D. 92 (E.D.N.Y. 2001) …………………………...……………19

*Petrolito v. Arrow Fin. Servs.*, LLC, 221 F.R.D. 303 (D.Conn.2004)…………………. 5, 7, 16, 17

*Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*, 698 F. 2d 150 (2d Cir. 1983) …………………………………………………………………………6

*Portfolio Recovery Assoc., LLC v. King,* 14 N.Y.3d 410 (2010) ………………………………2,3

*Ramirez v. Palisades Collection L.L.C.*, 250 F.R.D. 366 (N.D. Ill. 2008) ………………………9

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26 (E.D.N.Y. 2006)……....11, 14

*Robertson v. National Basketball Association,* 389 F.Supp. 867 (S.D.N.Y. 1975) …………....13

*Robidoux v. Celani,* 987 F.2d 931 (2d Cir. 1993) …………………………………….……5, 11

*Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147 (2d Cir. 2001) …………….....…5, 11, 19

*Sykes v. Mel Harris and Associates*, LLC, 757 F.Supp.2d 413 (S.D.N.Y. Dec 29, 2010)……...10

*Sykes v. Mel Harris & Assocs., LLC,* 285 F.R.D. 279 (S.D.N.Y.2012) ………5, 10, 11, 16, 19, 20

*Vassalle v. Midland*, 708 F.3d 707 (6ᵗʰ Cir. 2013) …………………………………………………14

*Wal–Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) …………………………..………3, 6, 8, 10

*Wilner v. OSI Collection Services, Inc.*, 201 F.R.D. 321 (S.D.N.Y.2001) ………………..………8

*Zimmerman v. Portfolio Recovery Assocs., LLC,* 276 F.R.D. 174 (S.D.N.Y.2011)………...…….7

## Statutes

15 U.S.C. § 1692 *et seq* …………………………………………………...………………….1

15 U.S.C. §§ 1692k(a) ……………………………………………………….…………4, 16

New York General Business Law § 349 *et seq*…………………………………………..1, 5, 8, 19

New York Judiciary Law § 487 *et seq* …………………………………….…….…1, 5, 8

Del. Code Ann., Tit. 10, § 8106……………………………………………….…………..2

## Rules

CPLR 202…………………………………………………………………………1, 2

Fed.R.Civ.P. 23(a) …………………………………………………………………3, 4, 15

Fed.R.Civ.P. 23(a)(1) ……………………………………………………...………4

Fed.R.Civ.P. 23(a)(2) ……………………………………………………5, 6, 7, 9, 10

Fed.R.Civ.P. 23 (a)(4)…………………………………………………….…12, 13, 20

Fed.R.Civ.P. 23(b)……………………………………………………………3, 4, 7

Fed.R.Civ.P. 23(b)(1)…………………………………………….…………...……19

Fed.R.Civ.P. 23(b)(2) …………………………………………….…………18, 19, 20

Fed.R.Civ.P. 23(b)(3). ……………………………………………………3, 14, 15, 16

Fed.R.Civ.P. 23(g) ………………………………………………………...….…20

Fed.R.Civ.P 23(g)(ii) …………………………………………….…….…20

Fed.R.Civ.P 23(g)(iii) ……………………………………………………………20

Fed.R.Civ.P 23(g)(iv) ……………………………………………………………21

**<u>Treatises</u>**

*See* 2 H. Newberg, *Newberg on Class Actions* (3d Ed. 1992) ("Newberg") § 7.22……………...…18

*Richard A. Nagareda*, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L.Rev. 97 (2009) ………………………………………………………………………..…...6

## I.   Introduction

On July 8, 2013 Plaintiff filed this putative class action for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349 *et seq.*, and New York Judiciary Law § 487 *et seq.* for systematically filing hundreds of time barred debt collection lawsuits. On November 13, 2013 the Court denied Defendants' Motion to Compel Arbitration [DE 37].  Discovery is currently set to close on August 29, 2014.

## II.  Relief Requested

Plaintiff move for an order certifying a class of all persons, who, according to Defendants' records:

    **a.** have addresses within New York State;

    **b.** had a lawsuit filed or served against them by Midland Funding within one year before the filing of this action (for FDCPA claims) or within three years before the filing of this action (for GBL 349 and Judiciary Law 487 claims);

    **c.** the suit was predicated on alleged credit card debt to a bank which resides in, and sustained economic impact from the alleged failure to pay in, Delaware;

    **d.** the putative debt was incurred primarily for personal, family or household purposes; and the suit was filed more than 2 ½ years after the account sued upon had been charged off by said bank.

A subclass of this class consists of individuals within the class whose collection lawsuit pleadings were signed by the Defendant Perez.

### III.      Summary of claims

Defendants have systematically filed time-barred lawsuits against Plaintiff and hundreds of other consumers in New York, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), New York General Business Law § 349 *et seq.* ("GBL 349"), and New York Judiciary Law § 487 *et seq.* The suits were time barred because the putative original creditor (primarily Chase Bank USA, NA) was a resident of Delaware and suits were filed outside Delaware's 3 year statute of limitation.

On April 29, 2010, the New York Court of Appeals made clear that, under New York's "borrowing statute," CPLR 202, when a nonresident sues in New York on a cause of action

accruing outside New York, the action "cannot be commenced" unless the action is within the statute of limitations of both New York and the jurisdiction where the cause of action accrued. *Portfolio Recovery Assoc., LLC v. King*, 927 N.E.2d 1059, 1061-62 (N.Y.2010), *citing to Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999). "If the claimed injury is an economic one, the cause of action typically accrues "where the plaintiff resides and sustains the economic impact of the loss." *Id*. at 1061 *citing to Triarc* at 528. The statute of limitations for breach of a credit contract is three years under Delaware state law. *Id*. at 1060 *citing to* Del. Code Ann., Tit. 10, § 8106. As "Discover is incorporated in Delaware and is not a New York resident," the Court looked to Delaware's three year limitation period and held the suit to collect a putative credit card debt was time barred. *Id*. For determining where a plaintiff resides for CPLR 202 purposes, "one looks to [plaintiff's] State of incorporation or its principal place of business." *Triarc* at 530.[1]

In *King* a debt buyer named Portfolio Recovery Associates purchased the putative debt after it was in default with the original creditor, Discover Bank, becoming the assignee of the of the original creditor. *Id*. at 416. This is analogous to the position of Defendants in the case at bar who purchased and attempted to collect upon a putative Chase account against Ms. Kulig.

> Portfolio, as the assignee of Discover, is not entitled to stand in a better position than that of its assignor. We must therefore first ascertain where the cause of action accrued in favor of Discover. Here, it is evident that the contract causes of action accrued in Delaware, the place where Discover sustained the economic injury in 1999 when King allegedly breached the contract. Discover is incorporated in Delaware and is not a New York resident. Therefore, the borrowing statute applies and the Delaware three-year statute of limitations governs.

---

[1] *Triarc* explicitly declined to decide which of the two states it looks to – the state of incorporation or the state of the principal place of business – as plaintiff's claim in that case was time barred under either state's statute of limitations. *Triarc* at 530. In the case at bar this court need not resolve this issue as both Chase's "main office" as listed in its articles of association and its principal (indeed sole) place of business in the United States is in the State of Delaware. Corporations have articles of incorporation and a state of incorporation. National banks do not. Instead, national banks designate a state for its "main office" in their "articles of association."

*King* at 416.

In the case at bar, the Delaware banks "sustained the economic injury... when [the consumer] breached the contract." *Id*. The "economic injury" is sustained by the Delware bank creditor occurs 6 months (180 days) prior to charge off.  Charge off, by definition, is 180 days after the original creditor declares the account delinquent, and thus for accounting purposes moves the debt from profit to loss on its balance sheet. *See, e.g.*, Fed. Fin. Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 64 Fed. Reg. 6,655 at 6,656. Therefore, the class is defined as accounts where the original creditor is a bank that is a resident of Delaware and Defendants filed a collection lawsuit more than 2 ½ years from charge off, because suits filed after that date are by definition are time-barred.

### IV. Argument

#### A.    Standard of review for class certification under Rule 23(a) and 23(b)(3)

Rule 23 of the Federal Rules of Civil Procedure permits a case to be maintained as a class action if the prerequisites of Rule 23(a)  are satisfied and if the class meets the requirements of any of the three subsections of Rule 23(b) .  *See* Fed. R. Civ. P. 23. A court's class certification analysis must be "rigorous" and may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Hence, the Court's task at the Rule 23 stage is "not to adjudicate the case; rather, it is to select the method best suited to adjudication of the controversy fairly and efficiently." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191 (2013). (internal brackets and quotation marks omitted).

The Second Circuit has confirmed that inquiry into the merits at class certification is only necessary in order to determine whether resolution of each legal or factual question "can be achieved through generalized proof." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108,

118 (2d Cir. 2013) (citing *Amgen*, 133 S. Ct. at 1196); *see also Goodman v. Genworth Fin. Wealth Mgmt.*, --- F.R.D. ----, 2014 WL 1452048 at * 8 (E.D.N.Y. Apr. 15, 2014) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage.") (citing *Amgen*, 133 S. Ct. at 1194-95).

Congress has recognized the importance of class actions in protecting consumers from abusive debt collection practices by expressly authorizing class action remedies under the FDCPA. 15 U.S.C. §§ 1692k(a) and (b). Consequently, District Courts in the Second Circuit have certified numerous FDCPA cases for class action treatment, as discussed below in section B.2.

### B. The proposed class satisfies the requirements for certification.

Under Federal Rule of Civil Procedure 23, a class should be certified when the plaintiff meets all four requirements of Rule 23(a) and one of the requirements of Rule 23(b). Fed. R. Civ. P. 23; *In re Visa Check/Mastermoney Antitrust Litigation*, 280 F.3d 124, 132 (2d Cir. 2001). Because Plaintiff meets the requirements of numerosity, commonality, typicality, and adequacy, and because the common questions predominate over any individual questions and a class action is superior to other methods to adjudicate the controversy, the proposed classes should be certified.  Fed. R. Civ. P. 23(a) and (b)(3). Moreover, Plaintiff's attorneys meet the requirements to be appointed class counsel under Rule 23(g).

### 1. Numerosity is satisfied – each of the classes consist of more than 40 individuals.

The first requirement of Rule 23(a) is that the class members be so numerous that joinder is not practicable. Fed. R. Civ. P. 23(a)(1). "Impracticability" in this context means "difficulty or inconvenience of joinder" rather than "impossibility of joinder." *In re Indep. Energy Holdings*, 210 F.R.D. 476, 479 (S.D.N.Y. 2002) (citation omitted). Courts in this circuit generally "find a

class sufficiently numerous when it comprises forty or more members." *Id.* (*citing Robidoux v. Celani*, 987 F.2d 931, 935 (2d Cir. 1993)). *See also*, *Petrolito*, 221 F.R.D. at 309.

The statute of limitations is one year for the FDCPA claims and three years for the state law claims, GBL 349 and Judiciary Law 489. Defendants' own discovery responses admit that there are at least 813 time barred collection lawsuits filed within the 1 year statute of limitation for FDCPA claims, and at least 1,925 class members within the 3 year statute of limitations period for Plaintiff's state law claims, NY GBL 349 and NY Judiciary Law 487.[2]  *See* Keshavarz Declaration as to Numerosity ¶ 7.  As to the subclass where the verified complaint was signed by attorney Amanda Perez, there are at least 188 time-barred suits filed within the FDCPA 1 year period and 370 within the 3 year state law periods.  *Id.* Plaintiff is a member of both classes.

### 2. Common questions of fact and law exist because all class members were sued on debts that would be time barred under Delaware's statute of limitations.

Federal Rule of Civil Procedure 23(a)(2) requires that there be either a common question of law or fact. *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 290-291 (2d Cir. 1992).   In other words, the common questions need to be at the "core of the cause of action alleged." Rule 23(a)(2) requires only that the prospective class share questions of law or fact. It does not require that all

---

[2] Defendants have been somewhat inconsistent in identifying the precise number of class members. Via letter dated May 15, 2014, Defendants represented that there were 1,959 class members within 3 years of this action (rather than 1,925) and 459 within 1 year of this action (rather than 813).   While documentation for the reason of the discrepancy may be an issue for a future motion to compel, under either alternative Plaintiff clearly meet the numerosity requirement as all of the calculations place class size well more than 40 members.  Identifying the precise number of class members is not required for certification. *See, e.g., In re Alcoholic Beverages Litigation,* 95 F.R.D. 321, 324 (E.D.N.Y. 1982) ("The fact that the size of the proposed class has not been exactly determined is not a fatal defect in the motion; a class action may proceed upon estimates as to the size of the proposed class."); and *Harrison v. Great Springwaters of America, Inc.*, 1997 WL 469996 at * 3 (E.D.N.Y. 1997) ("Although the plaintiffs do not yet know the size of any of their proposed classes, precise quantification of class members is not necessary...") (internal citations and quotations omitted)

questions of law or fact raised be common. *Harrison v. Great Springwaters of America, Inc.*, No. 96 Civ. 5110, 1997 WL 469996, at *3 (E.D.N.Y. June 18, 1997) (*citing Labbate–D'Alauro*, 168 F.R.D. at 456.)  Rule 23(a)(2) does not require all questions of law or fact to be common; even a single common question will suffice. *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2556, 180 L.Ed.2d 374 (2011); *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir.1997) ("The commonality requirement is met if plaintiffs' grievances share a common question of law or of fact."). The common question must lend itself to "classwide resolution" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart*, 131 S.Ct. at 2551. Therefore, what matters is "'the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.'" Id. (emphasis in original) (*quoting Richard A. Nagareda*, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L.Rev. 97, 132 (2009)).However, while Rule 23 requires a showing of common questions, it does *not* require a showing "that those questions will be answered, on the merits, in favor of the class." *Amgen* 133 S. Ct. at 1191.  Actually *answering* common questions is reserved for the merits stage.  *Id.* So long as at least one issue is common to all class members, the requirement of commonality is met. *Port Authority Police Benev. Ass'n, Inc. v. Port Authority of New York and New Jersey*, 698 F. 2d 150, 153-54 (2d Cir. 1983) Where a question of law involves "standardized conduct of the Defendant…[to the persons affected], a common nucleus of operative fact is typically presented and the commonality requirement…is usually met." *Labbate–D'Alauro*, 168 F.R.D. at 456 (*quoting Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984)). "The fact that the claims of the proposed class stem from the same alleged [illegal] conduct of the defendants proves the existence of common questions of law or fact."  *Daniels v. City of New York*, 198 F.R.D. 409, 417 (S.D.N.Y. 2001) (citations

omitted).

"It is instructive that courts throughout this Circuit have routinely found that putative classes alleging debt collection schemes that employ false or misleading language in mailings sent to debtors satisfy the commonality requirement of Rule 23(a)(2) and warrant class certification under Rule 23(b)." *Sykes v. Mel Harris & Assocs., LLC*, 285 F.R.D. 279, 290 fn. 10 (S.D.N.Y.2012) (J. Chin) *citing to Zimmerman v. Portfolio Recovery Assocs., LLC,* 276 F.R.D. 174 (S.D.N.Y.2011) ("All members of the proposed class received a substantially similar "Pre–Suit Package" from Defendant, which satisfies the commonality requirement."); *Ellis v. Gen. Revenue Corp.,* 274 F.R.D. 53 at * 61 (D.Conn.2011) ("In this case, the important common factual issue is the content of the letters GRC sent, and the central common legal issue is whether that language is actionable under FDCPA and CUTPA."); *Leone v. Ashwood Fin., Inc.,* 257 F.R.D. 343 at 352 (E.D.N.Y.2009) ("The record establishes that the defendant transmitted substantially similar letters to all members of the proposed class, containing a clear threat of litigation, without authority to commence suit against any class member… [T]he defendant's letters were deceptive. Accordingly, the Court finds that common questions of law and fact predominate in this action.") *Ayzelman v. Statewide Credit Servs. Corp.,* 238 F.R.D. 358 at 363 (E.D.N.Y.2006) ("Here, where the central legal question in the case is whether Statewide sent substantially similar collection letters that contained language in violation of the FDCPA, there are common issues sufficient to satisfy the requirements of Rule 23(a)(2)."); *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig.,* 208 F.R.D. 493 (S.D.N.Y.2002); *Labbate–D'Alauro v. GC Servs. Ltd. P'ship,* 168 F.R.D. 451 (E.D.N.Y.1996). *See also Petrolito v. Arrow Fin. Servs.*, LLC, 221 F.R.D. 303, 308 (D.Conn.2004) ("Most FDCPA classes involve some routine collection effort, like a form letter, the contents of which violate one of the specific

provisions of the FDCPA.") and *Wilner v. OSI Collection Services, Inc.*, 201 F.R.D. 321 at 325 (S.D.N.Y.2001) ("Like other courts in this Circuit which have considered the applicability of the class action to lawsuits brought under the FDCPA, I have no trouble concluding that the commonality ... requirement[ ][is] met."). The elements of a plaintiff's cause of action constitute common questions. *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011).

Plaintiff's claim here is that the alleged debts defendants sought to collect in their state court suits were time-barred in that they all arose from credit cards issued by Delaware banks. The common questions include which statute of limitations governs a debt buyer's collection suits in New York State courts that are predicated on its purchase of accounts from a Delaware bank; whether the limitations period begins to run when the cardholder defaults or only when, six months later, the bank charges off the debt on its books; collection lawsuits at issue in this case were time-barred; whether these collection lawsuits violate the FDCPA,[3] GBL 349, and/or Judiciary Law 487; and whether amounts paid as a result of such time-barred suits are recoverable as actual damages. All of these issues are based on the same facts and legal theories for the class. The "determination of [the] truth or falsity [of these questions] will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart*, 131 S.Ct. at 2551. The only individualized issue is the identification of the consumers who had lawsuits filed against them, (*i.e.*, the class members), which

---

[3] There can be little doubt that filing of a time-barred collection lawsuit violates the FDCPA.

Therefore, the only remaining question is whether the filing of such a time-barred complaint is a violation of the FDCPA. This Court joins others in concluding that it is. *See, e.g., Diaz v. Portfolio Recovery Associates, LLC*, No. 10–CV–3920, 2012 WL 1882976, at *4 (E.D.N.Y. May 24, 2012); *Baptist v. Global Holding & Inv. Co., L.L.C.*, No. 04–CV–2365, 2007 WL 1989450, at *5 (E.D.N.Y. July 9, 2007); *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 393 (D.Del.1991). Indeed, "the threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate." *Beattie*, 754 F.Supp. at 393.FN8

*Cameron v. LR Credit 22, LLC, Mel S. Harris & Associates, et al*, -- F.2d --, No. 13-CV-1493(PAC), 2014 WL 704308, (S.D.N.Y. Feb. 24, 2014) (J. Crotty)

is a matter capable of ministerial determination from the Defendants' records.  The existence of such records will also make a class action for damages manageable.

Because the injuries complained of by the Plaintiff resulted from the same illegal scheme or practice that has injured or will injure the proposed class members, the commonality requirement is satisfied.  Rule 23(a)(2) "does not require all questions of law or fact be common to the class," and, indeed, to so require "would be the death knell for class actions challenging" an illegal practice or scheme, an "unacceptable result."  *Brown v. Kelly*, 244 F.R.D. 222, 230-31 (S.D.N.Y. 2007), *aff'd in pertinent part, rev'd on other grounds*, 609 F.3d 467 (2d Cir. 2010). *See Monaco v. Stone*, 187 F.R.D. 50, 61-62 (E.D.N.Y. 1999) (common question of law is legality of defendants' policy); *Burley v. City of New York*, No. 03 Civ. 735 (WHP), 2005 WL 668789 at *4 (S.D.N.Y. 2005) (common questions of law and fact posed by application of policy to individual members of putative class); *Daniels*, 198 F.R.D. at 418 (commonality is met "if the claims of the named plaintiffs arise from the same practice or course of conduct that gives rise to the claims of the proposed class members"). Here, the alleged course of conduct is similarly uniform such that a finding of commonality under Rule 23(a)(2) should be no different. Courts have certified federal class actions based on debt collectors filing time barred state court collection lawsuits, including a class action against the Midland Defendants. *Herkert v. MRC Receivables Corp*., *et al*, 254 F.R.D. 344 (N.D. Ill. 2008)[4] (for, *inter alia*, filing collection lawsuits that were time-barred); *Ramirez v. Palisades Collection L.L.C.*, 250 F.R.D. 366 (N.D. Ill. 2008) (granting certification where collection lawsuits were subject to a shorter five-year statute of limitations given the failure to attach a copy of the underlying contract to collection complaints).

---

[4] Defendants included Midland Credit Management, Inc., Encore Capital Group, Inc., and Midland Funding NCC–2 Corp.

The lead decision in New York granting a motion for class certification based on a debt collector's systematic FDCPA violations in their state court collection lawsuits is *Sykes v. Mel Harris & Assocs., LLC*, 285 F.R.D. 279 (S.D.N.Y.2012) ("*Sykes II*"). The decision was issued by Judge Denny Chin, who is now on the Second Circuit.[5]  Commonality was found under the more complex fact pattern in *Sykes*, as it should be given the more straightforward factual issues here, that it, the filing of time barred lawsuits.

> Plaintiffs meet the commonality requirement of Rule 23(a)(2). Their overarching claim is that defendants systematically filed false affidavits of merit and, in many instances, false affidavits of service to fraudulently procure default judgments in New York City Civil Court. Whether a false affidavit of merit or a false affidavit of service or both were employed in a particular instance, the fact remains that plaintiffs' injuries derive from defendants' alleged "unitary course of conduct," *see Marisol A.*, 126 F.3d at 377, that is, fraudulently procuring default judgments. Thus, "[p]laintiffs have identified a unifying thread that warrants class treatment." *Charron*, 269 F.R.D. at 231.

> Inherent in this alleged course of conduct are common questions of law and fact. For example, with respect to the affidavits of merit, there is a central issue as to the veracity of the affiant's uniform statement of "personal knowledge" of the underlying debt when, in fact, defendants' computer systems automatically generate the affidavits and the affiant signs as many as 50 at a time, performing a "quality check" on one and not reviewing the remaining 49. Further, there is a question of law as to whether false representations in court, rather than to the debtor, violates the FDCPA. There is also a question of whether such conduct is sufficient to establish a violation of New York's GBL or Judiciary Law. Addressing these questions on a classwide basis would provide common answers relevant to each putative class member's claim and would necessarily "drive the resolution of the litigation." *Wal–Mart*, 131 S.Ct. at 2551 (citation and internal quotation marks omitted).

*Sykes II* at 290 (footnotes omitted)

Finally, there are no issues of reliance or causation. The FDCPA is violated if the "least sophisticated consumer" would be misled by the Defendants' conduct.  *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)*.*  This is an objective test. *Id.*; *See also Easterling v. Collecto, Inc.*, 692 F.3d 229, 233–34 (2d Cir.2012).   Under these circumstances, where there are no

---

[5] The order granting class certification is pending an interlocutory appeal to the Second Circuit. Oral argument has been heard, but no decision has yet to be rendered.  "*Sykes I*" is the decision deny Defendants' motions to dismiss.  *Sykes v. Mel Harris and Associates*, LLC, 757 F.Supp.2d 413 (S.D.N.Y. Dec 29, 2010) (NO. 09 CIV 8486 DC)

individual determinations that overwhelm the common question, the commonality element is met. *Mailloux*, 204 F.R.D. at 41.

### 3. The claims of Plaintiff are typical of the claims of the class.

To establish typicality, Plaintiffs must show that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29, 35 (2d Cir. 2009) (citation omitted). "[M]inor variations in the fact patterns underlying individual claims" do not defeat typicality when the defendant directs "the same unlawful conduct" at the class representatives and the class members. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). Typicality "requires that the claims of the class representatives be typical of those of the class; therefore, Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendants' liability." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 32 (E.D.N.Y. 2006) (*quoting Robinson*, 267 F.3d at 155). Put another way, "when the same unlawful conduct was directed at both the named plaintiff and the class to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." *Labbate–D'Alauro*, 168 F.R.D. at 156-57 (internal quotations and citations omitted). The purpose of this requirement is to "ensure[ ] that maintenance of a class action is economical and [that] the named plaintiff's claims and the class claims are so interrelated that the interest of the class members will be fairly and adequately protected in their absence." *In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection Practices Act Litig. (In re Risk Mgmt. Alternatives Litig.)*, 208 F.R.D. 493, 505 (S.D.N.Y. 2002) (*citing Marisol A.*, 126 F.3d at 376) (internal quotation and citation omitted).

Here, as is often true, Plaintiff "meet[s] the typicality requirement for many of the same reasons [she] meet[s] the commonality requirement." *Sykes II* at 291. Plaintiff Carol Kulig, a

resident of New York, was sued by Midland on a debt allegedly arising from her use of a Chase credit card.  As with all the class members, Delaware is the state of residence of the original putative creditor and suit was filed or served more than 2 ½ years from charge off by the bank.

The successful prosecution of this case would therefore require Plaintiff to make legal arguments identical to those of the proposed class members, *i.e.*, that Defendant's state court collection actions on Delaware bank credit card debt were time-barred if filed more than 2 ½ years from charge off. This satisfies the requirement "that the interest of the class members will be adequately protected in their absence." *In re Risk Mgmt. Alternatives Litig.*, 208 F.R.D. at 505 (citation omitted). Accordingly, Rule 23(a)(3)'s typicality requirement is satisfied.

### 4. The representative parties will fairly and adequately protect the interests of the class.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." *Cent. States Southeast & Southwest Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 245 (2d Cir. 2007). Adequacy of representation is measured in two ways. The first inquiry is whether the class representatives are sufficiently involved and whether they have interests antagonistic to the interest of the other class members.  The second inquiry is whether plaintiffs' attorneys are qualified, experienced and able to conduct the litigation.  *In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 574 F.3d 29, 35 (2d Cir. 2009).  Both conditions are satisfied here.

First, the court considers whether the class members have interests that are "antagonistic" to one another. *See Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d at 291; *Macarz*, 193 F.R.D. at 51. As to the named plaintiff, "[a] number of courts that have considered ... FDCPA class actions challenging form collection letters have found named Plaintiff who received versions of the

12

challenged collection letters to be adequate class representatives for purposes of Rule 23(a)(4)." *Harrison,* 1997 WL 469996 at *3, (citations on quotation marked omitted); *see also Macarz,* 193 F.R.D. at 51-54 (plaintiff who received collection letter found adequate). Plaintiff is an adequate representative because she was subjected to the same unlawful conduct as the class members. *Hirschfeld v. Stone*, 193 F.R.D. 175, 183 (S.D.N.Y. 2000).  Beyond that, courts usually look simply to whether the representative's interests are in any way antagonistic to or in conflict with those of the class members. *In re Playmobil Antitrust Litigation*, 35 F.Supp.2d 231, 243 (E.D.N.Y. 1998) ("One court has summarized the adequacy requirement thusly: 'Absent any conflict between the interests of the representatives and other purchasers, and absent any indication that the representative will not aggressively conduct the litigation, fair and adequate protection of the class may be assumed.'") (*quoting Guarantee Ins. Agency Co. v. Mid Continental Realty Corp*., 57 F.R.D. 555, 565 (N.D. Ill. 1972)).  Furthermore, such conflict must be real and not speculative.  *Robertson v. National Basketball Association*, 389 F.Supp. 867, 899 (S.D.N.Y. 1975). Plaintiff has no known conflicts with any of the class members and is actively involved in the prosecution of this action. Given the identical claims of Plaintiff and the class members, Plaintiff is an adequate representative of the classes.

Second, the court considers whether class counsel is qualified, experienced, and generally able to conduct the litigation. Plaintiff has retained counsel with substantial experience litigating claims of this type both in class actions and in individual suits. Attorney Ahmad Keshavarz has filed more than 56 FDCPA lawsuits, including 6 FDCPA class action lawsuits, and has a number of favorable published FDCPA decisions. *See* Declaration of Ahmad Keshavarz In Support of Appointment As Class Counsel. Mr. Keshavarz has also litigated four individual cases for violations of the FDCPA for a debt collector filing time barred debt collection lawsuits where, as

here, the putative original creditor was a resident of Delaware, and has another pending class action regarding the same claim. Obviously that is a key issue in the case at bar. Mr. Keshavarz has obtained a published decision in one of the four cases, *Cameron*, *supra*. Attorney Charles Delbaum, a senior staff attorney at the National Consumer Law Center, has been counsel in 5 FDCPA class actions as well as scores of other class actions, has successfully argued for reversal of a nationwide FDCPA class action settlement in *Vassalle v. Midland*, 708 F.3d 707 (6th Cir. 2013), and is the author of the litigation chapter in Fair Debt Collection (8th ed. 2014), published by NCLC. *See* Declaration of Charles Delbaum In Support of Appointment As Class Counsel.

### C.   Rule 23(b)(3) – Class Action Maintainable

Once the Court has concluded that the four prerequisites for class action certification have been met, it must decide whether the class action is maintainable under Rule 23(b)(3), which provides "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

#### 1.   Predominance

Substantial authority supports certification of FDCPA class actions under subsection (b)(3). *See, e.g., Lemire v. Wolpoff & Abramson, LLP*, 256 F.R.D. 321 (D. Conn. 2009) (finding Rule 23(b)(3) applicable for class certification in FDCPA case involving collection letters); *McCall v. Drive Fin. Servs., L.P.*, 236 F.R.D. 246, 253-54 (E.D. Pa. 2006) (same); *Reade-Alvarez*, 237 F.R.D. at 31 (same); *Gross v. Washington Mut. Bank*, No. 02-CV-4135, 2006 WL 318814, at *3 (E.D.N.Y. Feb. 9, 2006) (Levy, Mag. J.) (same); *Bonett v. Educ. Debt Servs., Inc.*, No. 01-6528, 2003 WL 21658267, at *4 (E.D. Pa. May 9, 2003) (same); *Mailloux*, 204 F.R.D. at

42-43 (same); *Labbate–D'Alauro*, 168 F.R.D. at 458-59 (same). Under Rule 23(b)(3), "[p]redominance is a test readily met in certain cases alleging consumer or securities fraud ...." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (citations omitted). Further guidance in applying the predominance test comes from the Second Circuit's opinion in *Moore v. PaineWebber, Inc.*:

> "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." [*Amchem*, 521 U.S. at 623, 117 S. Ct. at 2249-50.] It is a more demanding criterion than the commonality inquiry under Rule 23(a). [*Id.* at 623-24, 117 S.Ct. at 2249-50.] Class-wide issues predominate if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof. [*In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 132 (2d Cir. 2001)]. 306 F.3d 1247, 1252 (2d Cir. 2002).

The predominance requirement is satisfied if "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Id.* (citations omitted). "If there are genuinely common issues … identical across all the claimants, issues moreover the accuracy of which is unlikely to be advanced by repeated proceedings, then it makes good sense, especially when the class is large, to resolve these issues in one fell-swoop while leaving the remaining, claimant-specific issues to individual follow-on proceedings." *In re Methyl Tertiary Butyl Ether (MBTE) Products Liability Litig.*, 241 F.R.D. 435, 448 (S.D.N.Y. 2007) (quoting *Mejdrech v. Met-Coil Systems Corp.*, 319 F.3d 910, 911 (7th Cir. 2003)). Courts generally focus on the liability issue, and "if the liability issue is common to the class, common questions are held to predominate over individual questions." *Macarz*, 193 F.R.D. at 54, *quoting Genden v. Merril Lynch, Pierce,*

15

*Fenner & Smith,* 114 F.R.D. 48, 52 (S.D.N.Y. 1987). Thus in *Sykes,* where the issue was "whether defendants' practice of filing affidavits of merit and/or affidavits of service with respect to the plaintiff class members violates the FDCPA," Judge Chin found the common issues predominated over any individual issues. *Sykes v. Mel Harris & Assocs., LLC,* 285 F.R.D. at 293 (citing *Labbate–D'Alauro,* 168 F.R.D. at 458 ("[C]ases regarding the legality of standardized documents and practices often result in the predomination of common questions of law or fact and are, therefore, generally appropriate for resolution by class action." (collecting FDCPA cases)

Nor are plaintiff's claims for damages here an impediment to a finding of predominance. Plaintiff seeks both actual and statutory damages, as permitted by 15 U.S.C. § 1692k(a). Statutory damages in a class action under the FDCPA are formulaic: the lesser of $500,000 or 1 per centum of the net worth of the debt collector, regardless of actual damages. 15 U.S.C. § 1692k(a)(2)(B). Actual damages are the amounts paid to Defendants since the filing of the time-barred collection lawsuits, an amount easily derived by a ministerial examination of Defendants' own records. Thus whether and to what extent class members suffered actual damages is not an impediment to class certification. *Petrolito,* 221 F.R.D. at 310 ("Both the FDCPA and CUTPA allow certification without regard to actual damages.  Court[s] have 'routinely … conclude[ed] … that the need for individualized proof of damages alone will not defeat class certification.') (internal citations omitted).

### 2.    A class action is superior to other methods for the fair and efficient adjudication of the controversy.

Rule 23(b)(3) lists factors "pertinent" to the finding that a class action is superior to other available methods for the fair and efficient adjudication of the controversy, which include:(A) the interest of members of the class in individually controlling the prosecution or defense of

separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.

As the district court in the Eastern District of New York case of *Labbate–D'Alauro v. GC Services Limited Partnership* observed, class actions are found to be the superior method of litigation "when the main objectives of Rule 23 are served," including "the efficient resolution of the claims or liabilities of many individuals in a single action, as well as the elimination of repetitious litigation and possibly inconsistent adjudications."  Allowing this case to proceed as a class action would be an efficient means of resolving the claims at issue, where there exist numerous proposed class members and each member possesses a claim based on Defendants filing suit on debts which were time-barred for the exact same reason, in violation of the FDCPA. Moreover, aggregating these claims eliminates the potential for "repetitious litigation" and "inconsistent adjudications" if the claims were brought separately, and which otherwise "might stand in the way of a beneficial comprehensive settlement."

Here, the amounts of the claims are small, it is unlikely that the class members have much interest in individually controlling the prosecution of the action, and it would be very desirable to concentrate the litigation in this forum.  Indeed, as Judge Hall noted in *Petrolito v. Arrow Financial Services, LLC*,"[s]uits brought under the FDCPA such as this case regularly satisfy the superiority requirement of Rule 23 … The prospect of relatively small recovery on individual adjudications on identical issues with differing results makes class form superior to individual litigation by class members." *Id*. at 314.

Moreover, most class members would likely not even know their rights had been

violated and would not be able to afford to retain competent counsel to pursue their rights. "There were 241,195 debt collection lawsuits filed in New York in 2009, where 99% of the debtors were not represented by counsel, and where 66% of these cases resulted in defaults." *Diaz v. Portfolio Recovery Associates, LLC*, 2012 WL 661456 at * 8 (E.D.N.Y. Feb. 28, 2012) *report and recommendation adopted*, 2012 WL 1882976 (E.D.N.Y. May 24, 2012).

The final factor in considering superiority is whether there would be difficulty managing the class.  This poses no significant burden in the case at bar. Defendants have already identified the at least 1,925 members of the 3 year class and the at least 813 members of the one year class. As Defendants sued each class member, Defendants obviously have the contact information for each class member. Defendants would also know how much each class member paid them, and when.  To the extent that this is considered a management difficulty, "[i]t should be kept in mind that management difficulties, as with other superiority factors, must be judged in comparison to the fairness and efficiency of other available methods for adjudicating the controversy." 2  H. Newberg, *Newberg on Class Actions* ( 4th Ed. 2002), § 4:35.

The only real alternative to a class action here is for there to be no adjudication of the vast majority of these claims whatsoever. A class is not only the superior means of adjudication, but practically, it is the only means.

**D.    The proposed class should also be certified pursuant to Rule 23(b)(2).**

Rule 23(b)(2) was designed especially for cases such as this one, seeking declaratory or injunctive relief for a large class of persons where "the party opposing the class has acted or refused to act on grounds generally applicable to the class.".  *See* Fed. R. Civ. P 23(b)(2), Advisory Committee Notes to 1966 Amendment; *Newberg* § 4:11.  This section is typically relied on where, as here, a plaintiff class is seeking systematic reform through injunctive relief.

*See Marisol A.*, 126 F.3d at 378; *Nicholson v. Williams*, 205 F.R.D. 92, 99 (E.D.N.Y. 2001). Rule 23(b)(2) provides a basis for certifying a class in actions challenging a pattern and practice of illegal conduct.  *See e.g. Daniels*, 198 F.R.D. at 415 (racially-motivated police stop-and-frisk).

The Second Circuit instructs that district courts should weigh "whether (b)(2) certification is appropriate in light of the relative importance of the remedies sought, given all of the facts and circumstances of the case."  *Robinson*, 267 F.3d at 164 (citation and internal quotations omitted).

Plaintiff seeks declaratory and injunctive relief under GBL 349 that Defendants violated the statute by filing time barred lawsuits, and seeking an injunction to prevent Defendants from again filing suits that are time-barred under the class definition used by Plaintiff. There is every reason to believe such an injunction is necessary to enjoin Defendants' behavior.  According to the spreadsheet Defendants produced in discovery, Defendants filed an additional 29 time-barred lawsuits ***after the filing of this class action***. Further, Defendants entered judgment in 129 time-barred collection lawsuits, again, after the filing of this class action. If ever there were a need for injunctive relief, this would be the case.

Declaratory and injunctive relief is explicitly authorized under GBL 349(h). (Plaintiff is not seeking such relief under the FDCPA). Indeed, Judge Chin in *Sykes II* certified a class seeking to enjoin a debt collector's state court FDCPA violations:

2. The Rule 23(b)(2) Class

Certification of a class under Rule 23(b)(1) [*sic*] to address the equitable relief sought by plaintiffs is appropriate. As neither injunctive nor declaratory relief is available under the FDCPA, however… this class is limited to equitable relief sought for plaintiffs' GBL, Judiciary Law, and RICO claims.

Here, defendants are alleged to have acted "on grounds that apply generally to the class"—specifically, defendants' uniform filing of false affidavits in state court to fraudulently procure default judgments against the putative class members—such that

19

injunctive and declaratory relief with respect to the class as a whole would be appropriate. *See* Fed.R.Civ.P. 23(b)(2). That plaintiffs are seeking substantial monetary damages is of no concern given the Court's certification of separate Rule 23(b)(2) and (b)(3) classes addressing equitable relief and damages, respectively. *See Charron*, 269 F.R.D. at 237–38; *Casale*, 257 F.R.D. at 408.

… Accordingly, the Court certifies (1) the Rule 23(b)(2) injunctive and declaratory relief class.

*Sykes* 285 F.R.D. at 293.

### E.    Plaintiff's attorneys meet all the criteria for appointment as class counsel under the 2003 Amendments concerning appointment of class counsel contained in Rule 23(g).

Under Rule 23(g), the Court must consider the following in appointing class counsel:

> (i)    the work counsel has done in identifying or investigating potential claims in the action,
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
>
> (iii)  counsel's knowledge of the applicable law, and
>
> (iv)   the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C)(i).

These requirements are similar to those employed in determining whether counsel is adequate under Rule 23(a)(4). *Amchem*, 521 U.S. at 626 n. 20, 117 S. Ct. at 2251 n.20, 138 L. Ed. 2d 689 (1997) ("The adequacy heading also factors in competency and conflicts of class counsel."). *See, e.g.*, *Greisz v. Household Bank, N.A.*, 176 F.3d 1012, 1013 (7th Cir. 1999) (Rule 23(a)(4) requires assessment of competence of counsel for class). Therefore, the standards developed by that case law have been incorporated almost in their entirety into new Rule 23(g), and the discussion of Plaintiff's counsel's qualifications set forth above satisfies many of the "new" Rule 23(g) requirements.

Counsel's experience under 23(g)(ii) & (iii) have previously been summarized at section B.4, *supra*. As to 23(g)(i), Mr. Keshavarz reviewed and analyzed dozens, if not hundreds, of lawsuits filed by Midland Funding in New York state courts to determine that Midland was

systematically filing time-barred collection lawsuits on alleged credit card debt originated by Delaware banks. As to Rule 23(g)(iv), counsel has set aside substantial resources to cover expenses in this case, and has already expended significant resources for the costs of two full day depositions and additional depositions on written questions.

### F.  Conclusion.

For the reasons set forth herein, Plaintiff respectfully request that this action be certified as a class action under Fed. R. Civ. P. 23.

Dated:   July 15, 2014
          Brooklyn, New York

Respectfully submitted,
   /s/
Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

NATIONAL CONSUMER LAW CENTER, INC.

Charles M. Delbaum, Esq. (admitted pro hac vice)
7 Winthrop Square, 4th floor
Boston, MA 02110
617-542-8010
617-542-8028 Fax
cdelbaum@nclc.org

### CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
          Defendants
          MIDLAND FUNDING, LLC;
          MIDLAND CREDIT MANAGEMENT, INC;
          ENCORE CAPITAL GROUP, INC; and

AMANDA PEREZ
By and through their attorneys of record
 Kevin P. Wallace
 Karen F. Lederer
Timothy St. George
Troutman & Sanders, LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

Date: <u>July 15, 2014</u>
     Brooklyn, NY
/s/
Ahmad Keshavarz
Plaintiff's Attorneys