USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-29-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAROL KULIG,

                    Plaintiff,                    13-cv-4715 (PKC)

    -against-                              ORDER

MIDLAND, LLC,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        I have the parties Joint Letter of July 28, 2014. In this district, we have long moved past the historic abuses of interrogatories as a discovery device. Local Civil Rule 33.3 allows the use of interrogatories but in narrowly-prescribed circumstances. Lawyer-crafted answers to lawyer-crafted questions that are premised upon one side's interpretation of factual and legal conclusions of the other side is destined to produce discovery disputes and wrangling and little else.

        Moreover, there is presently before the Court a motion to certify a class and a motion to strike the class allegations. In the exercise of discretion and with a better understanding of the claims and defenses, the Court stays discovery of defendant or any third party relating to absent class members, except as provided herein.[1]

        The Court orders as follows:

---

[1] The Court need not reach at this time the alternate ground asserted that written discovery requests served after February 17, 2014 are untimely under the Court's Scheduling Order of January 16, 2014 at ¶6a & b, because no Court Order or "written consent of all parties" extended the time period. The email of January 17, 2014, unilateral though it was, only arguably supports plaintiff's action in refraining from propounding discovery for two week from January 17. Subsequent requests by defendant for an extension of time to respond to a request was not tantamount to a waiver of the right to object in the response on the grounds of the timeliness of the request.

1. Within 21 days of any order granting class certification in this case, defendants shall identify the parties, the Court and the Index Number for suits relating to the 1,924 accounts at issue (the "Accounts"), matching up the account number with the lawsuit so identified.

2. Within 21 days of any order granting class certification in this case, defendants shall provide, for each holder of one of the Accounts, the date the individual first failed to make the required minimum monthly payment, all subsequent payments made by the individual whether before or after judgment and a statement of the disposition of the lawsuit whether by default, discontinuance, settlement (including amount), trial or otherwise.

3. Within 21 days of any order granting class certification in this case, defendant shall identify any instance where the defendant contends that a statute of limitations was subject to tolling, the legal and factual basis for the tolling and the period the tolling began and ended.

4. Within 21 days of any order granting class certification in this case, defendant shall identify any communication with any of the holders of Accounts who defaulted in a lawsuit regarding the statute of limitations.

5. Within 21 days of any order granting class certification in this case, defendant shall submit an affidavit or declaration verifying the information set forth in the so-called Spreadsheet described in footnote 1 of the Joint Letter, as well as the responses to paragraphs 1 through 4 above.

6. Within 21 days of any order granting class certification in this case, defendant shall produce any release, settlement agreement or other document that it contends extinguishes the claim of a holder of one of the Accounts.

7. Defendant need not respond further to the Third Set of Interrogatories. With regard to Document Request 1 of the Third Set, it is keyed into the responses to interrogatories 1-11; as such defendants need not further respond as framed. With regard to Interrogatory 21 of the Third Set, defendant need not respond as drafted but plaintiff may be able to obtain equivalent information through a proper and narrowly tailored Rule 34 request.

8. Interrogatory 1 of the Fourth Set of Interrogatories is keyed into the response to Interrogatory 1 of the Third Set and, in view of paragraph 7 above, defendant need not respond. The same is equally true of Document Request 1 of the Fourth Set.

9. Like Russian Stacking Dolls, Interrogatory 1 to the Fifth Set of Interrogatory keys off the response to Interrogatory 1 of the Third Set of Interrogatories, as do Document Requests 1 and 2 to the Fifth Document Request. In view of the ruling in paragraph 7 above, defendant need not respond.

10. With regard to paragraph 15-19, 21 and 29 of the Second Discovery Request, defendant's responses are adequate, except to the extent that the Court has ordered the information in paragraphs 1-6 above. With regard to the response to paragraph 41 to the Second Discovery Request, defendant's objection is sustained.

11. All other relief sought by either party is denied without prejudice to requests made to the Court for consideration of specific categories of information after the class motions are decided.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 28, 2014