KEVIN P. WALLACE
212.704.6208 telephone
212.704.6930 facsimile
kevin.wallace@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0700
212.704.6000 telephone
troutmansanders.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-4-14

September 2, 2014

*Having considered the arguments of the parties, Defendants shall produce within 14 days all non-privileged, non work product documents responsive to Items 2, 4 and 5 referred to on page 2 of Keshavarz letter of August 29 (Doc 93).*

*SO ORDERED*
*/s/ USDJ*
*9-3-14*

**VIA FACSIMILE AND ECF**

Hon. P. Kevin Castel
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Kulig v. Midland Funding, LLC*, No. 13-cv-4715
Response to Plaintiff's Request to Compel

Dear Judge Castel:

We represent Midland Funding, LLC, Midland Credit Management, Inc., Encore Capital Group, Inc., and Amanda Perez (the "Defendants") in the above-referenced action. Plaintiff, at 6:18 p.m. on August 29, 2014 (the day that discovery closed), filed a pre-motion letter to compel responses to her Seventh Set of Requests for Production (the "Seventh Set"). The Seventh Set was served on July 18, 2014, more than *five months* after the deadline under the Scheduling Order. The Seventh Set was previously submitted to the Court in the joint discovery letter dated July 25, 2014 (the "Joint Letter"), and the Court denied the presently requested relief by order dated July 29, 2014 (the "Order").[1] Moreover, the Seventh Set is untimely and objectionable.

### This Dispute Has Already Been Resolved By Court Order

In the Joint Letter, Plaintiff sought to compel the production of responses to her document requests served after February 17, 2014, which Defendants opposed on timeliness and substantive grounds. (*See* Dkt. No. 67 pp. 4-5.) The Seventh Set was attached as Exhibit D-1 to the Joint Letter. (*See* Dkt. No. 68-1.) In the Order, the Court denied all relief sought by either party (other than specific discovery rulings not at issue here) "without prejudice to requests made to the Court for consideration of specific categories of information *after class motions are decided.*" At this time, the class motions are still pending. Thus, this is in essence a motion for reconsideration, and there is no basis for it.

### The Seventh Set Is Untimely And Objectionable

The Seventh Set is also untimely under the Civil Case Management Plan and Scheduling

---

[1] Plaintiff attempts to criticize Defendants for failing to file a "joint letter" on this issue. Defendants did not agree to file a second joint letter because this is not a new discovery dispute, and the parties already submitted the Joint Letter that attached and addressed the Seventh Set. (Dkt. No. 67.) Still, on exceptionally short notice, Defendants met and conferred in good faith (yet again) on these issues.

ATLANTA   BEIJING   CHICAGO   HONG KONG   NEW YORK   NORFOLK   ORANGE COUNTY   PORTLAND
RALEIGH   RICHMOND   SAN DIEGO   SHANGHAI   TYSONS CORNER   VIRGINIA BEACH   WASHINGTON, DC

TROUTMAN
SANDERS

September 2, 2014
Page 2

Order dated January 16, 2014 (the "Scheduling Order"). Per the Scheduling Order, the deadline to serve written discovery demands was February 17, 2014, and the Seventh Set was not served until July 18, 2014. In the Order, the Court found that Defendants did not waive their timeliness objections by requesting an extension of time to respond to earlier requests for production:

> The Court need not reach at this time the alternate ground that written discovery requests served after February 17, 2014 are untimely under the Court's Scheduling Order of January 16, 2014 at ¶6a & b, because no Court Order or "written consent of all parties" extended the time period. The email [sent by Plaintiff's counsel] of January 17, 2014, unilateral though it was, only arguably supports plaintiff's action in refraining from propounding discovery for two weeks from January 17. *Subsequent requests by defendant for an extension of time to response to a request was not tantamount to a waiver of the right to object [to] the response on the grounds of timeliness of the request.*

(*See* Dkt. No. 75 at p.1, n.1.) Thus, the requests were not timely and should also be denied on that basis alone.[2]

## CONCLUSION

This is the second instance during the very week that discovery closed where Plaintiff has sought to delay resolution of this case. (*See* Dkt. No 88.) For the above reasons, Plaintiff's request for a pre-motion conference should be denied, and summary judgment should proceed as scheduled. (*See* Dkt. No. 89) ("Fact discovery closes in August 29, 2014, except for any discovery relating to absent class members potentially authorized by the Order of July 29, 2014. Any proposed [summary judgment] motion addressed to the claims of Ms. Kulig shall be raised within 14 days of August 29, 2014.").

Respectfully submitted,

Kevin P. Wallace

---

[2] Even if somehow timely, Defendants' objections should be sustained. As noted in multiple prior submissions, Defendants have produced all of their statute of limitations policy manuals in effect during the operative class period. Contrary to Plaintiff's insinuation, the documents attached as Exhibit D to Plaintiff's letter are the first versions of those policy manuals. Moreover, Plaintiff's requests are overly broad and unduly burdensome, seeking *all* documents related to Defendants' reaction to *Portfolio Recovery Assoc., LLC v. King*, 14 N.Y.3d 410 (2010) – a case that was decided outside the class period and *more than a year* before Defendants began filing collection lawsuits in New York through the use of its in-house counsel, including Defendant Amanda Perez – and *all* documents related to the Amy Black lawsuit. *See, e.g., In re Biovail Corp. Secs. Litig.*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007) ("Biovail's document requests are also far too broad. With few exceptions, the subpoenas are . . . not addressed to the proposed class period.").