UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CAROL KULIG, on behalf of herself and all others
similarly situated,

                              Plaintiff,                          13 Civ. 4715 (PKC)

              -against-
                                                                  MEMORANDUM
                                                                  AND ORDER

MIDLAND FUNDING, LLC, MIDLAND CREDIT
MANAGEMENT, INC. ENCORE CAPITAL GROUP,       ┌─────────────────────────────┐
INC. formerly MCM CAPITAL GROUP, INC., and   │ USDS SDNY                   │
AMANDA PEREZ,                                │ DOCUMENT                    │
                                             │ ELECTRONICALLY FILED        │
                              Defendants.     │ DOC #: _____      │
--------------------------------------------------------------x  │ DATE FILED: _9/26/14_       │
                                             └─────────────────────────────┘

CASTEL, District Judge:

          Plaintiff Carol Kulig, a credit card holder, brings claims under the Fair Debt

Collection Practices Act ("FDCPA"), the New York General Business Law ("NYGBL"), and the

New York Judiciary Law ("NYJL") on behalf of herself and others similarly situated against

Midland Funding, LLC, Midland Credit Management, Inc., Encore Capital Group, Inc., and

Amanda Perez (collectively, "Midland").  Kulig alleges that Midland has systematically filed and

litigated time-barred debt collections lawsuits against her and hundreds of other New York

residents.  She seeks certification of a class of these individuals.  For reasons explained, plaintiff

has failed to demonstrate that her current counsel would adequately represent the interests of the

class.  Accordingly, plaintiff's motion to certify the class will be denied.

BACKGROUND

   The following facts are derived from the parties' evidentiary submissions and matters of which judicial notice may appropriately be taken, and are undisputed unless otherwise noted.

   Midland Funding, LLC ("MF") is a Delaware limited liability company in the business of taking title to charged off debts and filing suit to collect on them.  (Compl. ¶5, Dkt. No. 1)  Midland Credit Management, Inc. ("MCM") is the servicer for MF and is responsible for taking affirmative steps to collect on debts purchased by MF.  (Compl. ¶ 13)  These steps include sending letters, making collection phone calls, and filing collection lawsuits in the name of MF. Id.  Both MF and MCM are wholly-owned subsidiaries of Encore Capital Group, Inc. ("Encore"), a public company listed on the NASDAQ stock exchange.  (Compl. ¶¶ 16-17) Together, MF, MCM, and Encore operate as a joint venture to purchase and collect on putative debts from consumers.  (Compl. ¶ 25 (quoting Encore Form 8K, March 6, 2013, Ex. 99.1)) Amanda Perez is an attorney employed by MCM who serves as an "in-house counsel" for MF. (Compl. Ex. E)

   The complaint first alleges violations of three FDCPA provisions, which proscribe debt collectors from harassment or abuse, false or misleading representations, or unfair practices.  15 U.S.C. §§ 1692d, 1692e, 1692f.  In an individual action, a debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for actual damages sustained as a result of the failure, statutory damages of up to $1,000, and costs and attorneys' fees.  15 U.S.C. § 1692k.[1]  Second, the complaint alleges a violation of

---

[1] In addition to providing for enforcement by the Federal Trade Commission and other agencies, see 15 U.S.C. § 1692l, the FDCPA provides a private right of action for an individual consumer who receives a communication that violates the statute, see 15 U.S.C. § 1692k.  Because a plaintiff need only demonstrate that the "least sophisticated consumer" would be confused by the communication received, "the FDCPA enlists the efforts of sophisticated

NYGBL § 349, which prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service in this state . . . ."  NYGBL § 349(a).  Third, the complaint alleges a violation of NYJL § 487, which creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party," or "willfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."  NYJL § 487.

LEGAL STANDARD

        "The burden of proving compliance with all of the requirements of Rule 23 rests with the party moving for certification."  Levitt v. J.P. Morgan Secs., Inc., 710 F.3d 454, 465 (2d Cir. 2013).  "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc."  Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011) (emphasis in original); see also In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 42 (2d Cir. 2006) ("A district judge is to assess all of the relevant evidence admitted at the class certification stage and determine whether each Rule 23 requirement has been met . . . .").  The movant must establish each prong of Rule 23 by a preponderance of the evidence.  Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).

---

consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others."  Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 91 (2d Cir. 2008).

<u>DISCUSSION</u>

        Because the Court concludes that Kulig has failed to demonstrate that she, represented by her current counsel, will adequately represent the class, further analysis under the remaining provisions of Rule 23(a) and (b) is unnecessary at this juncture.

   A.  <u>Rule 23(a)(4) and 23(g)</u>

        A plaintiff seeking to represent a class must show that he or she will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The purpose of this requirement is to protect the interests of absent class members, who will be bound by the results of the action under <u>res judicata</u>.  Determining whether the requirement of adequacy of representation is satisfied "entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation."  <u>In re Flag Telecom Holdings, Ltd. Sec. Litig.</u>, 574 F.3d 29, 35 (2d Cir. 2009) (quoting <u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 60 (2d Cir. 2000)).  In the past, Rule 23(a)(4) routinely required a prospective lead plaintiff to establish both the ability of the named plaintiff to fairly and adequately protect the interests of the class and the adequacy of counsel retained to represent the class.  As a result of the 2003 amendments to the Federal Rules of Civil Procedure, however, the issue of class counsel's adequacy is now guided by Rule 23(g).  <u>See</u> 2003 Advisory Comm. Notes to Rule 23.  Regardless of whether the inquiry falls under Rule 23(a)(4) or Rule 23(g), the contours of the Court's analysis remain the same.  <u>See</u> <u>Kalish v. Karp & Kalamotousakis, LLP</u>, 246 F.R.D. 461, 463 (S.D.N.Y. 2007).

Rule 23(g) requires a court certifying a class to appoint class counsel.  Rule 23(g)(1), Fed. R. Civ. P.  "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)."  Rule 23(g)(2).  The language of Rule 23(g)(4) parallels that of Rule 23(a)(4), requiring that "class counsel must fairly and adequately represent the interests of the class."  Rule 23(g)(4).  "In appointing class counsel, the court [] must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class . . . ."  Rule 23(g)(1)(A).  Further, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Rule 23(g)(1)(B).  "[I]n determining the adequacy of counsel, the court looks beyond reputation built upon past practice and examines counsel's competence displayed by present performance."  Bolanos v. Norwegian Cruise Lines Ltd., 212 F.R.D. 144, 156 (S.D.N.Y. 2002) (quoting In re Towers Fin. Corp. Noteholders Litig., 177 F.R.D. 167, 171 (S.D.N.Y. 1997) (citation omitted)).

"Class counsel owe a fiduciary obligation of particular significance to their clients when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf."  Creative Montessori Learning Centers v. Ashford Gear LLC, 662 F.3d 913, 917 (7th Cir. 2011) (citing Culver v. City of Milwaukee, 277 F.3d 908, 913 (7th Cir. 2002); In re Cendant Corp. Sec. Litig., 404 F.3d 173, 186-87 (3d Cir. 2005); Samuel Issacharoff, "Governance and Legitimacy in the Law of Class Actions," 1999 S.Ct. Rev. 337, 371-72; Jonathan R. Macey & Geoffrey P. Miller, "The Plaintiffs' Attorney's Role in Class

Action and Derivative Litigation: Economic Analysis and Recommendations for Reform," 58 <u>U. Chi. L. Rev.</u> 1, 19–20 (1991)).

 

     B. <u>Adequacy of Class Counsel</u>

     Kulig has demonstrated her counsels' qualifications under the mandatory considerations of Rule 23(g)(1)(A).  Lead counsel, Ahmad Keshavarz, has performed substantial work in identifying or investigating potential claims in the action, Keshavarz Decl. in Supp. of Appointment as Class Counsel, ¶ ¶ 15-17, Dkt. No. 55-1; has demonstrated knowledge of the applicable law, <u>id.</u> ¶¶ 10, 14; and has attested to committing substantial resources to cover the expenses of the case, <u>id.</u> ¶ 16.  The Court notes that Mr. Keshavarz's prior experience litigating FDCPA class action lawsuits is limited.  <u>Id.</u> ¶¶ 8-9.  He cites four FDCPA class actions that he has brought in federal court; however, in none of these cases has a motion to certify the class been granted, nor are any such motions pending.  This concern is somewhat mitigated by co-counsel's experience as co-counsel in other types of consumer class actions.  Delbaum Decl. ¶ 12, Dkt. No. 57.  A troublesome experience in a putative FDCPA class action in the Eastern District of New York involving Mr. Keshavarz will be later discussed.  Nevertheless, minimal compliance with Rule 23(g)(1)(A) has been demonstrated.

     Compliance with these mandatory qualifications does not end the inquiry.  A court reviewing a motion for class certification may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  The record before this Court raises significant questions as to whether plaintiff's counsel understands his professional responsibilities to Ms. Kulig.

Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification.  <u>Creative Montessori Learning Centers v. Ashford Gear LLC</u>, 662 F.3d 913, 918 (7th Cir. 2011) (citing <u>Culver v. City of Milwaukee</u>, 277 F.3d at 913).  <u>See</u> <u>also</u> <u>Friedman-Katz v. Lindt & Sprungli (USA), Inc.</u>, 270 F.R.D. 150, 161 (S.D.N.Y. 2010) ("The Plaintiff and her attorneys have shown a clear inability to satisfy the fiduciary responsibilities that their respective positions would entail.  Thus, the motion to certify a class is denied."); <u>Weber v. Goodman</u>, 9 F. Supp. 2d 163, 174 (E.D.N.Y. 1998) <u>opinion modified on reconsideration,</u> 97-cv-1376 (CPS), 1998 WL 1807355 (E.D.N.Y. June 1, 1998) ("In sum, [plaintiff's counsel] refuses to comply with the ethical rules that apply to this Court . . . .  Because its fee arrangement is considered inappropriate in New York, Edelman & Combs is not an adequate plaintiff's counsel, and class certification must be denied on that ground."); <u>Taub v. Glickman</u>, 14 Fed. R. Serv. 2d 847 (S.D.N.Y. 1970); <u>Korn v. Franchard Corp.</u>, 67-cv-3445, 1970 WL 3481 (S.D.N.Y. Oct. 22, 1970).

Rule 1.4 of the New York Rules of Professional Conduct ("NYRPC") provides in relevant part that "[a] lawyer shall . . . promptly inform the client of . . . material developments in the case including settlement or plea offers.  N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 1.4(a); <u>see</u> <u>also</u> <u>id.</u>, Rule 1.2(a) ("A lawyer shall abide by a client's decision whether to settle a matter.").  "If proven, the failure to communicate a settlement offer would constitute a violation of Rules of Professional Conduct . . . ."  <u>Zito v. Harding</u>, 975 N.Y.S.2d 2, 3 (1st Dep't 2013) (citing 22 NYCRR 1200.0 Rule 1.4(a)(3)).

On July 15, 2014, Kulig was examined under oath at a deposition.  St. George Decl., Ex. B, Dkt. No. 71-2 and 71-3.  Defense counsel inquired as to an offer by Midland to settle Kulig's individual claims against Midland for $20,000.  <u>Id.</u> at 203:1-206:14.  Defense

counsel implied through his inquiries that Midland had made a settlement offer within the two-month period prior to the deposition.  Id. at 206:15-20.  Defense counsel also asked whether Kulig was aware that her counsel had offered to settle the classwide claims in exchange for $900,000.  Id. at 206:21-207:11.  Kulig testified that she was unaware that defendants had made any settlement offers within the past two months, and that she was also unaware that her counsel had made settlement offers on her behalf to Midland.  Id. at 205:23-207:11.

Midland raised this issue in opposition to class certification.  In his reply brief, Kulig's counsel does not deny that a settlement offer was communicated to him as counsel for Ms. Kulig.  He concedes that he had not communicated Midland's offer to Ms. Kulig and endeavors to justify his actions based upon the then-existing state of document production: "There was no point in counsel's mentioning Midland's opening settlement offer to Ms. Kulig when Midland had not yet provided the responses to discovery requests that counsel needed in order to completely evaluate the offer and advise Ms. Kulig about it."  Pl. Reply Br. at 7, Dkt. No. 87.  This is not an instance of an inadvertent lapse in communication: when confronted with defense counsel's accusations, plaintiff's counsel affirmatively admitted to failing to inform his client of a settlement offer, and sought to justify his inaction.  See id.

An individual's FDCPA claims are capped at actual damages plus a maximum of $1,000 in statutory damages, and, thus, an offer to settle Ms. Kulig's claims for $20,000 was not an insubstantial one, even if the FDCPA claim was accompanied by related state law claims. Substantial or not, it was counsel's duty to communicate the offer to Ms. Kulig, and to "abide by [his] client's decision whether to settle a matter."  N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rules 1.2(b), 1.4(a)(1).

It may be that an evaluation of the strength of the case against Midland must await review of document production, but Ms. Kulig can be expected to know what injury she suffered. She is—or, if she is going to be a class representative, ought to be—capable of evaluating an early offer and deciding whether to reject it out of hand or to make a counter offer. It is Ms. Kulig's decision to make, not her counsel's.

The provision in the document attached to Kulig's retainer agreement, which strongly implies that a class representative accepting an individual settlement instead of a classwide settlement is a wrongful act, is also troubling. In connection with her retention of counsel, on December 6, 2012, Kulig signed a retainer agreement and a separate document entitled "A Basic Explanation About Class Actions." St. George Decl., Ex. C. In its explanation of a class representative's role in decisionmaking on behalf of the class, the latter document states the following:

> [B]ecause this is a class case, you must make decisions that are fair to everyone else in the class . . . . This includes making decisions about whether to settle the case. If the Defendant wants to settle just with you, you need to think about your responsibilities to the class. Just like a politician shouldn't sell out his constituents by taking a bribe, you need to think of the class before settling the case.

Id. at 6.

Counsel is wrong to the extent he is of the view that Ms. Kulig's acceptance of an offer, prior to class certification, is a betrayal of the class or comparable to "a politician . . . sell[ing] out his constituents by taking a bribe." St. George Decl., Ex. C at 6. Prior to the 2003 amendments to the Federal Rules of Civil Procedure, settlement of the claims of the putative class representative of an uncertified class required Court approval. The 2003 amendments to Rule 23 eliminated that requirement:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Advisory Committee Notes to 2003 Amendment to Rule 23.  Rule 23(e) now provides that "[t]he claims . . . of a <u>certified</u> class may be settled, voluntarily dismissed, or compromised only with the court's approval." (emphasis added).

When the claims of the named plaintiff are settled prior to certification, the claims of putative class members remain unaffected.  <u>American Pipe</u> tolling is generally available to preserve the timeliness of claims.  <u>In re WorldCom Sec. Litig.</u>, 496 F.3d 245, 256 (2d Cir. 2007). There should be no danger that other plaintiffs would be deprived of the opportunity to utilize plaintiff's counsel's services.  22 NYCRR 1200.0, Rule 5.6 (a) (2) ("A lawyer shall not participate in offering or making . . . an agreement in which a restriction on a lawyer's right to practice is part of the settlement of a client controversy.").

It may be sanctionable conduct for a plaintiff to commence an action with class allegations but with no intention of pursuing them, but nothing in the Rules prevents a client, such as Ms. Kulig, from deciding to settle in the face of a satisfactory offer.  Ms. Kulig was deprived of the opportunity to make that decision.

While the competence of attorneys desiring to represent a class is certainly relevant to the question of adequacy of representation, not every misstep by counsel warrants denial of class certification.  It is thus necessary to evaluate the seriousness of the conduct and the possibility of prejudice to the class.  <u>See</u> <u>Brame v. Ray Bills Fin. Corp.</u>, 85 F.R.D. 568, 577 (N.D.N.Y. 1979).  Here, the main provision of the NYRPC at issue—Rule 1.4—goes to the core of whether counsel will adequately represent the class.  Counsel's representation in his reply

10

brief reveals a fundamental misunderstanding regarding a bedrock, mandatory professional duty applicable to any attorney-client relationship. The discussion and evaluation of settlement offers is perhaps the single most significant point of contact between class counsel and a class representative throughout the pendency of the action. Moreover, in a civil matter the receipt of a settlement offer is the sole enumerated "material development" of which an attorney is affirmatively required to promptly communicate something to a client.

The Court also notes that this is not the first time a court has taken notice of troubling conduct by plaintiff's counsel in connection with individual settlement offers in the context of another FDCPA class action suit. In <u>Mayorga v. First Resolution Inv. Corp.</u>, 12-cv-587 (DLI) (VVP) (E.D.N.Y.), Mr. Keshavarz, representing the plaintiff, filed a motion to certify a class and requesting a stay of briefing pending discovery as to class issues. <u>Id.</u>, Dkt. No. 4. The motion was filed within two weeks of the filing of the complaint, and before defendants had been served. <u>Id.</u> Counsel attached a letter to the certification motion explaining that he filed the motion in order to preclude the possibility of defendant making a settlement offer of complete relief to the individual plaintiff before the certification motion was filed. <u>Id.</u>, Dkt. No. 4-6. In an order striking plaintiff's motion to certify the class, Judge Irizarry found counsel's request to file the motion at that juncture "absurd," and further stated that "it is unconscionable for plaintiff to make a motion for class certification simply to avoid plaintiff's recovery from defendant. The court takes a dim view of this practice." <u>Id.</u>, Order, Dkt. Entry Dated Feb. 21, 2012. This Court takes judicial notice of Judge Irizarry's order.[2]

---

[2] This Court does not pass upon the question whether a Rule 68 offer of judgment to settle Ms. Kulig's claims would moot the case or controversy before the Court. <u>Compare</u> <u>Franco v. Allied Interstate LLC</u>, 13-cv-4053 (KBF), 2014 WL 1329168, at *3-4 (S.D.N.Y. Apr. 2, 2014), <u>with</u> <u>Isaacs v. Malen & Assocs., P.C.</u>, 13-cv-2386 (WHP), 2013 WL 4734904, at *1 (S.D.N.Y. Aug. 14, 2013) (citing <u>Schaake v. Risk Mgmt. Alts., Inc.</u>, 203 F.R.D. 108 (S.D.N.Y. 2001)).

Taken as a whole, counsel's conduct forecloses a finding by this Court that he has the "ability to fairly and adequately represent the interests of the class . . . ." Rule 26(g)(1)(B), Fed. R. Civ. P.[3]

CONCLUSION

For the foregoing reasons, this Court concludes that Kulig has failed to demonstrate that her counsel would serve as an adequate class counsel in this case.[4] Accordingly, plaintiff's motion to certify a class pursuant to Rule 23, Fed. R. Civ. P. (Dkt. No. 54) is DENIED.

Ms. Kulig has several options available to her.  She may proceed with existing counsel and her individual claim.  Alternatively, she may engage new counsel and that new counsel may request leave to renew the motion for class certification and seek appointment as class counsel.[5]  If she elects to engage new counsel, the request for leave to renew the motion and seek appointment must be made within 21 days of this Memorandum and Order.  If no such application is made, then her existing counsel within 30 days must file an amended complaint, eliminating the class action allegations.  Rule 23(d)(1)(D), Fed. R. Civ. P.  Accordingly, defendants' cross-motion to partially strike plaintiff's class allegations (Dkt No. 70) is GRANTED in part and DENIED in part.

---

[3] The foregoing analysis applies with equal force to Ms. Kulig's co-counsel, who appears in this case pro hac vice. See Dkt. No. 25 (Sep. 9, 2013).  The additional lawyer joined the case well before Ms. Kulig's July 15, 2014 deposition, and signed both the brief in support of the motion for class certification and the reply brief containing the representations previously discussed.  His presence in the case did not forestall the conduct at issue.

[4] The issue before this Court arises under Rule 23 and nothing herein constitutes a judicial finding of professional misconduct.

[5] "In cases where attorneys guilty of misconduct withdraw and are replaced by ethically competent counsel, class certification should normally be allowed, provided that the other criteria of Rule 23 have been satisfied."  Brame v. Ray Bills Fin. Corp., 85 F.R.D. at 596 n.4 (citing Korn v. Franchard Corp., 456 F.2d 1206, 1211-12 (2d Cir. 1972); DuPont Glore Forgan Inc. v. American Telephone & Telegraph Co., 69 F.R.D. 481, 483-84 (S.D.N.Y. 1975)).

Plaintiff's counsel is directed to transmit a copy of this Memorandum and Order to Ms. Kulig with 3 days.


SO ORDERED.

P. Kevin Castel
United States District Judge


Dated: New York, New York
        September 26, 2014