TIMOTHY ST. GEORGE
804.697.1254 telephone
804.698.6013 facsimile
Tim.stgeorge@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
1001 Haxall Point
Richmond, VA 23219
804.697.1200 telephone
troutmansanders.com

October 6, 2014

**VIA ECF**
Hon. P. Kevin Castel
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Kulig v. Midland Funding, LLC*, No. 13-cv-4715
             Response to Plaintiff's Request for Extension

Dear Judge Castel:

    Troutman Sanders, LLP represents Midland Funding, LLC, Midland Credit Management, Inc., Encore Capital Group, Inc., and Amanda Perez (collectively, "Defendants") in the above-referenced action. On October 3, 2014, Plaintiff filed a letter (Dkt. No. 107) seeking an extension of time to comply with the deadlines set forth in the Court's Memorandum and Order (Dkt. No. 106) denying the Motion for Class Certification and Appointment of Class Counsel.

    Plaintiff's request for an extension of time to comply with the Court's Order should be denied. As a threshold matter, the deadlines set forth in the Order are clear and run from the date of the Court's Order, notwithstanding the fact that the Order was published on the Court's docket one business day after its endorsement.

    Additionally, Plaintiff's request for an extension of those deadlines so that she can file a "motion for reconsideration" of the Court's decision should be rejected. First, Plaintiff has provided no explanation of the factual basis by which she will seek reconsideration. *See* Local Civil Rule 6.3 (a motion for reconsideration shall be accompanied by a memorandum setting forth the matters counsel believes have been overlooked). Therefore, Plaintiff has provided no good cause sufficient to obtain an extension on that basis.

    Furthermore, although Defendants will fully address any such motion if and when it is filed, there is no basis for such a motion. Reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Allen v. Antal*, No. 12-cv-8024, 2014 WL 2526913 (S.D.N.Y. June 3, 2014). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *Colodney v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276, 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004) (internal quotation marks

Page 2

and citation omitted).  Such a motion "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Thus, reconsideration is not an opportunity to take "a 'second bite at the apple' for a party dissatisfied with a court's ruling."  *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841 (NRB), 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004).  In addition, "a motion for reconsideration cannot assert new arguments or claims which were not before the court on the original motion." *Koehler v. Bank of Bermuda, Ltd.*, No. M18-302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005).

Here, the Court has not overlooked any factual matters in making its decision that would even plausibly warrant reconsideration.  Plaintiff's deposition testimony on the relevant issues was unambiguous.[1]  Her testimony revealed that the settlement offers made by Defendants during the course of litigation were not communicated to her.  She also testified that her counsel made a settlement demand without her knowledge or consent.  Plaintiff's counsel also erroneously instructed Plaintiff in the engagement agreement that accepting an individual settlement offer from Defendants was the equivalent to "taking a bribe."  None of these facts can possibly be disputed.  Indeed, as the Court noted, when confronted with these facts, Plaintiff's counsel did not dispute them in the reply brief, instead *expressly conceding* that the settlement offers had not been communicated, but then trying to explain it away.  Plaintiff's self-serving and otherwise-unexplained attempt to seek reconsideration of an Order based on facts that have remained unchanged for months, and which were already fully briefed by the parties, should be rejected.  *See, e.g.*, *Koehler*, 2005 WL 1119371, at *1.  Therefore, no extension should be granted.

Respectfully submitted,

/s/Timothy J. St. George

---

[1] It is telling that although Plaintiff took the opportunity to correct other aspects of her testimony in her errata sheet, no corrections were made to the passages of testimony on which the Court's decision was based.