# AHMAD KESHAVARZ

## *Attorney at Law*

16 COURT ST., SUITE 2600       WWW.NEWYORKCONSUMERATTORNEY.COM       PHONE: (718) 522-7900
BROOKLYN, NY 11241-1026       E-mail: ahmad@NewYorkConsumerAttorney.com       FAX:  (877) 496-7809

October 8, 2014

<u>VIA ECF</u>
Judge P. Kevin Castel
United State Courthouse
500 Pearl St.
New York, NY 10007

>      **Re:    Plaintiff's request for pre-motion conference to file motion to alter or amend this Court's Order Entered September 29, 2014 purusant to Fed. R. Civ. P. Rule 23(c)(1)(C).**
>
> *Kulig v. Midland Funding, L.L.C. et al*, Case 1:13-cv-04715-PKC

Dear Judge Castel:

## I.    Introduction

Plaintiff previously has informed the Court that she will seek reconsideration of this Court's Class Certification Order ("Order") entered on September 29, 2014, finding that plaintiff had failed to demonstrate that her counsel will adequately represent the class. It is necessary to briefly state the grounds for that motion in order to provide the context for the present request for a pre-motion conference prior to the filing of a motion to alter or amend the Order.

The primary ground for reconsideration that will be urged is that, despite less than pellucid testimony and explanatory text previously provided to the Court, the papers filed with Plaintiff's class certification included a sufficient showing that the individual settlement offer of $20,000 was conveyed to Ms. Kulig. When her counsel referrred in briefing to not conveying an initial settlement offer to her, this was intended to reference Defendants' initial *class* settlement offer, not the initial individual offer. Counsel then argued that this failure was not harmful to the class because Defendants had not provided documents needed to properly assess the offer (to the class). Moreover, counsel did not say the failure was intentional, as it was not.

A secondary ground which will be urged in reconsideration relates to an issue that this Court raised *sua sponte*, and so Plaintiff has not previously had an opportunity to brief it. This Court noted Judge Irizarry's disapproval of the undersigned's seeking to file an early motion to certify a class in *Mayorga v. First Resolution Inv. Corp.*, 12-cv-587 (DLI)(VVP) (E.D.N.Y.). However, in *Damasco v. Clearwire Corp.* 662 F.3d 891, 896 (7th Cir. 2011), the Court of Appeals had explicitly approved of this procedure:

"Class-action plaintiffs can move to certify the class at the same time that they file their complaint." While this Court apparently disagrees with this view, given the *Damasco* holding and the absence of controlling authority in the Second Circuit, filing such a motion should not be viewed as reprehensible conduct, inconsistent with the duty to protect the class.

## II.       The Proposed Motion to Alter or Amend

Plaintiff now wishes to file a motion to alter or amend the Order pursuant to Fed. R. Civ. P. Rule 23(c)(1)(C) in order to further establish counsel's adequacy. Previously, defendants raised the issue of counsel's adequacy in a single sentence in a footnote, and plaintiff responded with just three sentences that insufficiently and inartfully expressed her position. Additional briefing will show that Ms. Kulig had granted counsel authority to negotiate toward (but not enter into) a settlement *prior to* Defendants' initial offer of class settlement. As Magistrate Judge Orenstein noted in *Gray v. Dummitt,* 2007 WL 6925690, 5 (E.D.N.Y.Dec. 21, 2007), N.Y. State Bar Ass'n Formal Op. 760 (2003) provides that the "client may delegate to attorney permission to reject settlement offers below a specified threshold." Plaintiff also wishes to offer counsel's sworn statement that the individual settlement offer of $20,000 to Ms. Kulig was promptly conveyed to her at the time it was made, more than five months before her deposition.

Finally, plaintiff respectfully submits that combined briefing of the Motion for Reconsideration and the Motion to Alter and Amend would avoid redundancies and be in the interest of judicial economy.

Sincerely,

/s/

Ahmad Keshavarz

cc: all counsel of record via ECF