TIMOTHY ST. GEORGE
804.697.1254 telephone
804.698.6013 facsimile
Tim.stgeorge@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
1001 Haxall Point
Richmond, VA 23219
804.697.1200 telephone
troutmansanders.com

October 9, 2014

<u>**VIA ECF AND FACSIMILE**</u>
Hon. P. Kevin Castel
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Kulig v. Midland Funding, LLC*, No. 13-cv-4715
                **Response to Plaintiff's October 8, 2014 Request for a Pre-Motion Conference**

Dear Judge Castel:

      Troutman Sanders, LLP represents Midland Funding, LLC, Midland Credit Management, Inc., Encore Capital Group, Inc., and Amanda Perez (collectively, "Defendants") in the above-referenced action. On October 3, 2014, Plaintiff filed a letter (Dkt. No. 107) seeking an extension of time to comply with the deadlines that were set forth in the Court's September 26 Memorandum and Order (Dkt. No. 106) denying the Motion for Class Certification and Appointment of Class Counsel, including because Plaintiff intended to file a "motion for reconsideration." On October 6, the Court granted that extension request, but the Court further reminded Plaintiff of the "strict" standard for making such a motion, as well as the fact that reconsideration "is not an opportunity to bring to the Court's attention factual information that was available at the time [of] a party's submission but was not included in that submission." (Dkt. No. 109). Although Defendants will vehemently oppose any motion for reconsideration, those arguments will await formal briefing of that motion.

      Evidently realizing, however, that she cannot meet the high standard for reconsideration identified in the Court's October 6 Order (*i.e.*, "[t]he standard for granting such relief is strict, and reconsideration will generally be denied where the moving party cannot point to controlling decisions or data that the court overlooked"), Plaintiff has now filed a request for a pre-motion conference on a "motion to alter or amend this Court's Order entered September 29, 2014 pursuant to Fed. R. Civ. P. Rule [sic] 23(c)(1)(C)," which she seeks to combine with her motion for reconsideration. (Dkt. No. 110). Plaintiff makes that request without *any* articulation of the standard for relief under Rule 23(c)(1)(C), which is plainly inapplicable under the circumstances of this action.

      The purpose of Rule 23(c)(1)(C) is to afford district courts the ability to amend an existing class certification order, or an order denying class certification, in light of subsequent developments (*e.g.*, new discovery or an intervening change in the law). *See General Telephone*

*Co. v. Falcon*, 457 U.S. 147, 160 n.16 (1982) (holding, under a predecessor to Rule 23(c)(1)(C), that "after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation").

"As the Notes of Advisory Committee clarify, the goal of Rule 23(c)(1)(C) is to allow the court to make a determination whether the previous class certification should be altered or amended in view of development of the facts that might render the original determination unsound." *In re FleetBoston Fin. Corp. Sec. Litig.*, No. 02-4561, 2007 U.S. Dist. LEXIS 87425, at *15 (D.N.J. Nov. 28, 2007) (quoting Notes of Advisory Comm., Subdivision (c)(1) (1966)). "There must be some development or change in circumstances to merit revisiting a class certification decision" under Rule 23(c)(1)(C). *In re J.P. Morgan Chase Cash Balance Litig.*, 255 F.R.D. 130, 133 (S.D.N.Y. 2009). "Therefore, a court presented with a Rule 23(c)(1)(C) motion is obliged to take cognizance of a changed factual situation, *i.e.*, to make a comparison between the factual circumstances existing at the time of original certification and those existing at the time of the motion." *In re FleetBoston Fin. Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 87425, at *16. In the absence of new factual or legal developments, however, a court "has little reason to revisit the issue of the propriety of its original [certification] determination." *Friend v. Hertz Corp.*, No. C-07-5222, 2014 U.S. Dist. LEXIS 126161, at *9-10 (N.D. Cal. Sept. 8, 2014) (citing *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013)).

Those standards under Rule 23(c)(1)(C) have been applied in numerous cases within this circuit and district to deny such relief. *See, e.g., In re Fed. Home Loan Mortg. Corp. Sec. Litig.*, No. 09Civ.832, 2012 U.S. Dist. LEXIS 138638, at *3 (S.D.N.Y. Sept. 25, 2012) ("[T]he circumstances here do not warrant re-argument or additional expert testimony about the efficiency of the market for Series Z. In this case, plaintiff presented evidence about the efficiency of the market at an evidentiary hearing that spanned four days. Since that hearing, the facts pertinent to the efficiency inquiry have not materially changed, and plaintiff has not made a showing of changed circumstances [to invoke Rule 23(c)(1)(C)]."); *Fleischman v. Albany Med. Ctr.*, No. 06CV0765, 2010 U.S. Dist. LEXIS 23727, at *11-12 (N.D.N.Y Feb. 13, 2010) (where plaintiff had not presented any previously-unavailable facts, but instead "relie[d] on information that was readily available to Plaintiffs at the time of the initial motion [for certification]," plaintiffs did not demonstrate "the requisite changed circumstances" under Rule 23(c)(1)(C)), *aff'd* 639 F.3d 28 (2d Cir. 2011).

Here, Plaintiff has not even attempted to identify new legal authority or changed factual circumstances that could persuade the Court to arrive at a different conclusion. Rather, "[b]y now asking the court to revisit issues similar to those presented and argued when the court was deciding whether to certify, [Plaintiff is] effectively seeking repetitive proceedings in hopes of keeping alive the possibility of obtaining class certification." *McNamara v. Felderhof*, 410 F.3d 277, 281 (5th Cir. 2005) (affirming dismissal because "lead counsel have identified no new legal authority or a changed circumstance that compels the court to arrive at a different conclusion."). That is not allowed. *See id.*

Page 3

Nor could Plaintiff possibly demonstrate the existence of changed circumstances. Since the Court denied class certification a mere 10 days ago, there has been no further discovery with respect to the issues that necessitated denial. Indeed, the facts surrounding: (1) Plaintiff's counsel's admitted failure to communicate settlement offers; (2) their making a settlement demand without their client's knowledge or consent; (3) their previous misconduct in other cases; and (4) their informing Plaintiff that accepting an individual settlement offer was akin to a "politician accepting a bribe," all remain unchanged.[1] (In fact, Plaintiff's pre-motion letter fails to address the majority of these identified failings.)[2] Hence, every conceivable fact by which Plaintiff could move under Rule 23(c)(1)(C) was, *at the very least*, "readily available to Plaintiff at the time of the initial motion." *Fleischman*, 2010 U.S. Dist. LEXIS 23727, at *11. If Plaintiff seeks to revisit the issues already decided by the Court, therefore, she may only do so in a motion for reconsideration.

At bottom, Plaintiff's counsel's request to file a motion under Rule 23(c)(1)(C) should be seen for what it really is -- a cynical attempt to avoid the rigorous standard for reconsideration and the related prohibition of Local Civil Rule 6.3 as to the submission of new affidavits in connection with motions for reconsideration. *See* Local Civil Rule 6.3 ("No affidavits shall be filed by any party unless directed by the Court."). That is surely the reason Plaintiff "respectfully submits that combined briefing of the Motion for Reconsideration and the Motion to Alter and Amend would avoid redundancies and be in the interest of judicial economy."

There is nothing "economical" about Plaintiff's proposed approach and her repeated procedural filings in this action. To the contrary, "judicial economy is favored if the court is not required to reassess the class parameters based upon evidence plaintiff reasonably could have procured at the time he originally moved for class certification." *Young v. Beard*, 2014 U.S. Dist. LEXIS 2216, at *6 (E.D. Cal. Jan. 7, 2014) (declining to consider Plaintiff's motion under Rule 23(c)(1)(A) for that reason, and also denying the alternative "motion for reconsideration"). Plaintiff's request for a pre-motion conference under Rule 23(c)(1)(C) should be denied.

Respectfully submitted,

Timothy J. St. George

---

[1] Indeed, Plaintiff's reply in support of her motion for certification spent 7 pages of the 15-page brief on the issue of her and her counsel's adequacy, with her counsel even presenting a new declaration that addressed some aspects of the challenge to adequacy, but which also failed to address any of the facts cited in the Court's opinion as the bases for its denial of class certification.

[2] There were also many other instances of misconduct identified by Defendants during the briefing on class certification (that the Court found unnecessary to address), such as her counsel's failure to involve her in discovery and the fact that her counsel authored substantive responses to requests for admission and interrogatories that she had never seen, and with which she *disagreed* at her deposition.