**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**CAROL KULIG**                                        )          No. Civ <u>**1:13-cv-04715-PKC**</u>
*on behalf of herself and all others similarly situated*)
                **Plaintiff**                          )
                                                       )
        **-v.-**                                       )
**MIDLAND FUNDING, LLC,**                              )
**MIDLAND CREDIT MANAGEMENT, INC.**                    )
**ENCORE CAPITAL GROUP, INC.**                         )
        **formerly MCM CAPITAL GROUP, INC.**)
**AMANDA PEREZ**                                       )
                **Defendants**                         )
------------------------------------------------------------x

<u>**Plaintiff's Memorandum of Law in Support of Motion for Reconsideration and to Alter**</u>
<u>**Order Pursuant to Fed.R.Civ.P. 23(c)(1)(C)**</u>

**I.     Introduction**

On September 26, 2014, this Court entered an Order holding that plaintiff had "failed to demonstrate that her current counsel would adequately represent the interests of the class" due, in large part, to a perceived failure of proposed class counsel to convey an individual settlement offer to the named plaintiff.[1] (Docket 106 at 1). It appears that, as a result of brevity and ambiguous allusions to facts in the briefs supporting and opposing class certification, this Court had an inaccurate understanding of the facts regarding settlement offers to the plaintiff. Plaintiff submits that a clear explanation of the facts regarding these offers and certain other matters will show that reconsideration of the Order is warranted and that the Order should be altered to find counsel adequate to represent the best interests of the class.

At the heart of the confusion is the undisputed fact that, prior to Ms. Kulig's July 15, 2014 deposition, Defendants had made two settlement offers on different dates, with different

---

[1] "Entry" of the order was on September 29, 2014. [Docket 29]  As directed by this Court, counsel served the Order to Ms. Kulig on October 1, 2014. In addition, on October 2, 2014 Mr. Keshavarz met with Ms. Kulig and provided her a copy of the order, and she approved this motion for reconsideration and to amend or alter. *See* Declaration of Ahmad Keshavarz ("Keshavarz Dec.") ¶¶ 9, 10.

terms and different purposes – one to the class and one to Ms. Kulig individually.  The $20,000 individual offer of settlement that Midland made to Ms. Kulig on February 4, 2014, was in fact swiftly conveyed to her, and she rejected it.  (*See* Section III, *infra*.) Defendants' subsequent offer of class-wide relief, made on June 17, 2014, was inadvertently not promptly conveyed to plaintiff.  However, this oversight by plaintiff's counsel was not contrary or harmful to the interests of the class.  Additional information was needed from defendants in order to evaluate the adequacy of the relief offered to the class. In addition, plaintiff had previously discussed with her counsel a minimum acceptable level of relief for the class, and defendants' offer was far short of this level.

In a footnote in their Memorandum in Opposition to Class Certification, Defendants asserted that the issues they had raised concerning Ms. Kulig's adequacy as a class representative "also bear on the adequacy of proposed class counsel." (Docket 73, p.9)  This assertion was supported by neither argument nor authority. In reply, plaintiff treated this separate issue with comparable brevity, and submitted a mere three sentences on it, one of which unfortunately was ambiguous.  (Docket 87, p.7).  As a result of the brevity and inartful drafting by plaintiff's counsel, it appears that this Court was led to conflate the two separate, non-contemporaneous settlement offers, one individual and one to the class.  We draw this inference because this Court's Order refers twice to "*a* settlement offer," Docket 106 at 8 (emphasis added), and mentions the $20,000 offer for Ms. Kulig (the individual offer which indisputably *was* conveyed) without also discussing the offer of class settlement for the class that Defendant had made prior to Ms. Kulig's deposition.  The misunderstanding stems at least in substantial part from the following regrettably ambiguous and incomplete statement in plaintiff's reply brief: "There was no point in counsel's mentioning Midland's opening settlement offer to Ms. Kulig when Midland

2

had not yet provided the responses to discovery requests that counsel needed in order to completely evaluate the offer and advise Ms. Kulig about it." (Docket 87 at p.7).  Counsel should have included the words "to the class" after "opening settlement offer," in order to make explicit *which* settlement offer was under discussion.[2]  This brief will set forth the relevant facts more clearly and fully, and will show that while the undersigned should have conveyed the initial *class* settlement offer to Ms. Kulig, failure to do so was harmless.

## II.      Standard of review

To prevail in a motion for reconsideration the moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked."  *In re Fosamax Products Liab. Litig.,* 815 F. Supp. 2d 649, 651-52 (S.D.N.Y. 2011).

A motion to alter or amend a class certification decision pursuant to Fed. R. Civ. P. Rule 23(c)(1)(C) is committed to the sound discretion of the Court. See, e.g., *In re J.P. Morgan Chase Cash Balance Litigation,* 255 F.R.D. 130, 133 (S.D.N.Y. 2009).  As stated in the Notes of the Advisory Comm. to Subdivision (c)(1) (1966), "A determination once made can be altered or amended before the decision on the merits if, upon fuller development of the facts, the original determination appears unsound."  The Court in *In re J.P. Morgan Chase Cash Balance Litigation* suggested that the availability of new evidence, the need to correct a clear error or to prevent manifest injustice would all warrant altering or amending a class certification order. *Id*. at 133.

## III.     The $20,000 individual settlement offer was promptly conveyed to Ms. Kulig, a Fact Supported by Her Deposition Testimony.

---

[2] Contributing to the confusion, Defendants referred to "a settlement offer" in their brief, without noting that there was more than one offer or providing any details that would signal to the Court at this point in the discussion that two different offers had been made by defendants, one for Ms. Kulig alone and one for the class.  (Docket 73, p8).

Defendants made an offer of $20,000 in individual relief to Ms. Kulig on January 31, 2014. The fact that Ms. Kulig had testified in her deposition that she remembered being told about an offer was referenced in plaintiff's briefing, but not as clearly as it could have been. At p. 5 in plaintiff's reply brief, counsel stated that "Ms. Kulig testified she believes she was told about an offer of settlement by Midland, but did not recall the terms. *Id*. at 205:4-13." (Docket 87). In the interest of conserving space, plaintiff simply cited to her deposition, without inserting the actual testimony into the brief. Ms. Kulig's testimony on this subject was as follows:

> Q: Have you ever been told previously in this case that the defendants had made an offer to settle in the amount of $20,000?
> A Yeah. I may have heard something. But I don't remember exactly what it was.
> (Depo at pp. 204-205).

As Mr. Keshavarz's attached declaration attests, and as his contemporaneous time records and emails confirm, the offer of $20,000 in individual relief was indeed conveyed to Ms. Kulig on February 4, 2014, two business days after it was made. (Keshavarz Dec., ¶¶ 3-6).

Ms. Kulig has testified that she recognizes that the case is "important for these other people [class members] as well as me." (Deposition at 214-215, Exhibit A to Docket 88-1, p. 41). She rejected the individual settlement offer and her decision was conveyed to the defendants on February 4, 2014. (Keshavarz Dec. ¶¶ 3-6). Importantly, defendants' individual offer was made, conveyed and rejected more than 5 months prior to Ms. Kulig's July 15, 2014 deposition. As this Court noted in its Order, Ms. Kulig was also asked about, and said she was unaware of, a settlement offer made "within the *two-month* period prior to the deposition." (Docket 106 at 8 (emphasis added)). Contrary to the impression defendants sought to make in their briefing, her testimony in this regard therefore does not contradict the fact that the $20,000 individual offer was conveyed to her promptly, far more than two months before the deposition question about offers within the past two months.

While the failure of putative class counsel to convey an individual settlement offer to a class representative certainly would, as this Court has noted, call into question that counsel's adequacy, that concern is inapplicable to the facts in this case inasmuch as the individual offer was in fact promptly conveyed.

Moreover, insofar as this Court expressed concern in its Order about what was admittedly inappropriate language in the addendum to plaintiff's retainer – language that compared accepting an individual settlement offer to a politician taking a bribe – this problem has subsequently been remedied.  On October 9, 2014, Ms. Kulig signed a revised replacement addendum to the retainer that does not contain this language and that makes it as clear as possible that she has the right to accept an individual settlement offer if she chooses to do so. (Keshavarz Dec. ¶ 15, 16, and Exhibit B) At the same time, she again rejected the identical offer of individual settlement that had been re-conveyed by Defendants on October 7, 2014. (Keshavarz Dec. ¶ 12, 14, 16, and Exhibit A).

IV.    **Counsel unintentionally failed to convey to Ms. Kulig Defendants' initial settlement offer *to the class,* but the offer not only lacked sufficient information but also was below the parameters Ms. Kulig had previously stated would be acceptable for a class settlement, and thus the class was not harmed by this failure.**

On June 17, 2014, defendants for the first time made a settlement offer that included relief for putative class members.  Counsels for plaintiff concede that this initial settlement offer *to the class* was not promptly conveyed to Ms. Kulig.[3]  This failure was both inadvertent (Keshavarz Dec. ¶ 7) and not harmful or disloyal to the class.  It was not harmful or disloyal for two reasons.  First, as noted in plaintiff's previous briefing, additional information was needed

---

[3] In previous briefing, counsel stated that this failure was not harmful because defendants had not provided sufficient information and documents for him to assess the class's possible recovery, but did not mean to say that this was *why* he had not conveyed the offer.  It is his standard practice to convey all offers, regardless of merit.  It was simply an oversight.  (Keshavarz Dec. ¶ 7).

from Defendants in order to assess the potential value of the case for the class compared to the [class] offer that Midland had made.  Secondly, the offer was far outside the parameters Ms. Kulig had already told counsel were needed for a class settlement (Keshavarz Dec. ¶ 8) and which, in any event, would be subject to court approval.

In Plaintiff's reply brief, counsel noted that Midland had not yet provided the responses to discovery requests that counsel needed in order to completely evaluate the offer and to advise Ms. Kulig about it.  (Docket 87 at p. 7) Had the offer at issue been for *individual* relief, this Court would have been correct in observing that even without document production, "Ms. Kulig can be expected to know what injury she suffered" (Docket 106, p. 9).  However, as discussed above, defendants' offer of an *individual* settlement to Ms. Kulig had been long since conveyed to her and rejected (in February of 2014).  The class settlement offer, on the other hand, was made during the latter part of document discovery, about a month prior to Ms. Kulig's deposition.  This was the offer that defendants were referring to in questioning Ms. Kulig about a settlement offer within the two months prior to her deposition.  As admitted above, she was in fact unaware of the class settlement offer at that time. Yet putative class counsel has a fiduciary duty to the class to advise the class representative competently, and this could not be done without the relevant information that had been requested of Midland regarding the proposed settlement.  So while a discussion should have taken place, and would have if counsel had not inadvertently failed to follow his standard practice, it would not have been meaningful or useful.

Moreover, prior to receipt of Midland's initial class settlement offer, the undersigned had discussed with Ms. Kulig the parameters for what would be an acceptable class settlement. (Keshavarz Dec. ¶ 8).  This discussion thus informed the high initial demand conveyed to

Midland even though Ms. Kulig was, as Defendants have noted, unaware of what that initial demand was.  Further, as noted in *Gray v. Dummitt,* 2007 WL 6925690, 5 (E.D.N.Y. 2007), N.Y. State Bar Ass'n Formal Op. 760 (2003) states that a client may delegate to his attorney permission to reject settlement offers below a specified threshold.  This is what occurred as to Midland's opening class settlement offer here.  While counsel should nevertheless have conveyed the offer in order to keep Ms. Kulig duly informed, the class was not harmed by his failing to formally tell her about a class settlement offer which he could not completely evaluate, but which he knew was below acceptable parameters in all events.

Counsel submits that this unintentional failure to convey the initial class settlement offer here does not demonstrate disloyalty that would justify disqualification as class counsel, nor "the possibility of prejudice to the class." Order at 7, 10.[4]  There certainly is no evidence in the record that the class was in fact prejudiced by counsel's failure to convey the initial class settlement offer.[5]

**IV. Judge Irizarry's ruling in *Mayorga* directly conflicts with the holding and directions from a unanimous panel of the Seventh Circuit Court of Appeals.**

Plaintiff submits that this Court's concern about plaintiff's counsel's conduct in *Mayorga v. First Resolution Inv. Corp.*, 12-cv-587 (DLI)(VVP) (E.D.N.Y.), in which he sought to file an early motion to certify the class in order to protect the class, and was chastised by the Court for doing so, is misplaced.  This precise conduct had recently been explicitly suggested and

---

[4] *See also Reliable Money Order, Inc. v. McKnight Sales Co., Inc.,*  704 F.3d 489, 498 -499 (7th Cir. 2013), noting that "[n]ot any ethical breach justifies the grave option of denying class certification. No doubt, misconduct that prejudices the class or creates a direct conflict between counsel and the class requires such denial…"
[5] Due to confidentiality agreements, counsel is not at liberty to disclose subsequent negotiations with Defendants, including at the mediation referenced in a joint letter of counsel.  (Docket 97)

approved by the Seventh Circuit Court of Appeal.  In *Damasco v. Clearwire Corp*.  662 F.3d

891, 896 (7th Cir. 2011), the Court stated:

> A simple solution to the buy-off problem that Damasco identifies is available, and
> it does not require us to forge a new rule that runs afoul of Article III:  **Class-
> action plaintiffs can move to certify the class at the same time that they file
> their complaint.**  The pendency of that motion protects a putative class from
> attempts to buy off the named plaintiffs. *See Primax,* 324 F.3d at 546–47.
> Damasco argues that this solution would provoke plaintiffs to move for
> certification prematurely, before they have fully developed or discovered the facts
> necessary to obtain certification. *See* 5 MOORE'S FEDERAL PRACTICE §
> 23.64[1][b], at 350 (3d ed.2011). But this objection is unpersuasive. If the parties
> have yet to fully develop the facts needed for certification, then they can also ask
> the district court to delay its ruling to provide time for additional discovery or
> investigation. (Emphasis added).

While Judge Irizarry and this Court may well and for good reasons disapprove of this

procedure, there is no controlling authority in this Circuit, and counsel should not be seen as

engaging in reprehensible conduct for doing what a unanimous panel of Appellate judges had

suggested was perfectly proper in order to protect the interests of a putative class.  Thus this

conduct does not in any way indicate a failure to adequately represent the interests of the putative

class at issue in that case.[6]

### CONCLUSION

Plaintiff urges this Court to reconsider and to alter its order regarding appointment of class

counsel by finding the undersigned and co-counsel adequate to represent the class.

Dated: October 14, 2014
       Brooklyn, New York

                                        Respectfully submitted,
                                             /s/
                                        Ahmad Keshavarz
                                        THE LAW OFFICES OF AHMAD KESHAVARZ
                                        16 Court St., 26th Floor
                                        Brooklyn, NY 11241-1026

---

[6] Nor did Mr. Keshavarz fail in his duties to the individual class representative in *Mayorga*. The
individual settlement offer in that case was conveyed and rejected by the putative class representative, just
as happened here. *See* Keshavarz Dec. at 17.

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com


NATIONAL CONSUMER LAW CENTER, INC.

Charles M. Delbaum, Esq. (admitted pro hac vice)
7 Winthrop Square, 4th floor
Boston, MA 02110
617-542-8010
617-542-8028 Fax
cdelbaum@nclc.org

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Defendants
MIDLAND FUNDING, LLC;
MIDLAND CREDIT MANAGEMENT, INC;
ENCORE CAPITAL GROUP, INC; and
AMANDA PEREZ
By and through their attorneys of record
Kevin P. Wallace
Karen F. Lederer
Timothy St. George
Troutman & Sanders, LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174


Date:  October 14, 2014
        Brooklyn, NY
/s/
Ahmad Keshavarz
One of Plaintiff's Attorneys

9