UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
CAROL KULIG                                              )        No. Civ 1:13-cv-04715-PKC
on behalf of herself and all others similarly situated)
        Plaintiff                                        )
                                                         )
        -v.-                                             )
MIDLAND FUNDING, LLC,                                    )
MIDLAND CREDIT MANAGEMENT, INC.                          )
ENCORE CAPITAL GROUP, INC.                               )
        formerly MCM CAPITAL GROUP, INC.                 )
AMANDA PEREZ                                             )
        Defendants                                       )
-------------------------------------------------------------x
```

### DECLARATION OF AHMAD KESHAVARZ

I, Ahmad Keshavarz, declare under penalty of perjury, as provided or by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1. My name is Ahmad Keshavarz. I am of sound mind and capable of giving this declaration.

2. The facts stated in the attached motion and in this declaration are within my personal knowledge and are true and correct.

3. Defendants emailed me an individual offer of settlement of $20,000 on Friday, January 31, 2014.

4. I conveyed this offer to Ms. Kulig on or about Tuesday, February 4, 2014. She instructed me to reject the offer.

5. My contemporaneous fees records show the following entry for February 4, 2014:

| Date | Description | Time spent (in hours) |
|---|---|---|
| 2/4/2014 | Call to client to update her on status of case, to relay their offer of settlement. Discussed the offer of settlement in detail. Answered any questions she might have. She | 0.5 |

1

|  | instructed me to rejected [sic] the offer. Relayed the same to opposing counsel. |  |

6.     My email records in this case show that I emailed opposing counsel on February 4, 2014 at 12:17 PM and informed them, "Ms. Kulig rejects the January 31, 2014 offer of settlement."

7.     It is my standard practice to convey to my clients all offers of settlement, regardless of my view of the merits of the offer.  It was an inadvertent oversight for me not to convey the June 17, 2014, initial class offer to Ms. Kulig. It was not intentional. I apologize.

8.     Prior to that time, Ms. Kulig had discussed with me a minimum acceptable level of relief for the class, and defendants' June 17, 2014 offer was far short of this level.

9.     On October 1, 2014, I mailed Ms. Kulig a copy of the Court's order denying class certification, DE 106.

10.    On October 2, 2014, I met with Ms. Kulig in person, provided her a copy of the order denying class certification, DE 106. She authorized me to move for reconsideration of the order denying class certification, DE 106.

11.    On October 7, 2014, I mailed Ms. Kulig a copy of the order DE 109 granting Ms. Kulig an extension until after the ruling on the motion for reconsideration to decide whether she would like to proceed on a class basis with new counsel or on an individual basis with current counsel.

12.    On October 7, 2014, I received from Defendants a renewed individual offer settlement for $20,000, a true and correct copy of which is attached as *Exhibit A* (with the exception of Ms. Kulig's hand-written rejection, which was added on October 9, 2013).

13.    On October 9, 2014, I met with Ms. Kulig in person, and provided her a copy of DE 109.

14.    When I met with Ms. Kulig on October 9, 2014 I provided her a copy of the newly

reissued individual settlement offer by Defendants on October 7, 2014, for $20,000.

15. When I met with Ms. Kulig on October 9, 2014, I also provided her with a proposed "Addendum to A Basic Explanation about Class Actions," ("Addendum"), a true and correct copy of which is attached as *Exhibit B*. The Addendum deletes reference to the previously included item # 3, which this Court found problematic, and replaces it with language that makes it absolutely clear that the decision as to whether to accept an individual settlement offers is hers.

16. On October 9, 2014 Ms. Kulig rejected the October 7, 2014, individual offer and signed the Addendum. A true and correct copy of those signed documents are attached as Exhibits A and B, respectively. Exhibit A includes Ms. Kulig's handwritten rejection signed October 9, 2014.

17. As to *Mayorga v. First Resolution Investment Corporation, et al*, Case No. 1:12-cv-00587-DLI-VVP, Eastern District of New York, I promptly conveyed the individual settlement offers to Ms. Mayorga, who rejected them. Defendant First Resolution Investment Corporation and its related entities made an offer of settlement on April 2, 2012 to be held open for 14 days. I conveyed that offer to Ms. Mayorga who rejected it within the 14 day period. Defendant Sharinn & Lipshie and the individual Defendants from the firm propounded an offer of judgment as to Ms. Mayorga on August 10, 2012, which was open for 14 days. I promptly conveyed this offer to Ms. Mayorga who rejected it within the 14 day period. (Ms. Mayorga has given me authorization to make these disclosures in this affirmation).

Dated:   Brooklyn, New York
         October 14, 2014

             /s/
         _____
         Ahmad Keshavarz

# Exhibit A

TIM ST. GEORGE
804.697.1254 telephone
804.698.6013 facsimile
tim.stgeorge@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0700
212.704.6000 (telephone)

October 7, 2014

**VIA EMAIL**
Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, New York 11241-1026

    Re:    *Kulig v. Midland Funding, LLC*, et al., No. 13-cv-4715 (S.D.N.Y.)
             FOR SETTLEMENT PURPOSES ONLY
             NOT ADMISSIBLE PURSUANT TO FRE 408

Dear Ahmad:

    On behalf of Defendants, I wish to clarify that their prior settlement offer to Ms. Kulig in the amount of $20,000 in exchange for the dismissal of her individual claims with prejudice remains open. Please present this offer to her and let me know if it is acceptable.

Sincerely,

*[signature]*

Timothy St. George

*I reject this offer*

*[signature]*     Oct 9, 2014
                       Date

**Exhibit B**

## Addendum to A Basic Explanation about Class Actions

Client and Attorneys agree that the Paragraph 3 of the document entitled "A Basic Explanation about Class Actions," dated December 6, 2012, which currently reads as follows:

> **You Must Make Fair Decisions for Everyone:** If you were bringing this case alone, then you would only need to make the decisions for you. But because this is a class case, you must make decisions that are fair to everyone in the class. Just like a good parent makes decisions that are good for the whole family, not just selfish decisions that are only good for them, you need to think of the class when you make decisions. This includes making decisions about whether to settle the case. If the Defendant wants to settle just with you, you need to think about your responsibilities to the class. Just like a politician shouldn't sell out his constituents by taking a bribe, you need to think of the class before settling the case.

Shall be amended to read as follows:

> **You Should Try to Make Fair Decisions for Everyone:** If you were bringing this case alone, then you would only need to make the decisions for yourself. But because you agreed we should pursue this as a class case, and you are trying to help other people who are the victim of Defendants' practices like you were, you should try to make decisions that are fair to everyone in the class. For example, although you have a right to accept a settlement for yourself only, you should think about the other class members who are not being offered the same deal before making a decision. It is ultimately your own decision, however.

Dated: Oct 9, 2014

_Carol Kulig_
Carol Kulig, Client

Dated: Oct. 9, 2014

_[signature]_
Ahmad Keshavarz
Law Office of Ahmad Keshavarz


_____
Charles Delbaum
National Consumer Law Center