TIMOTHY ST. GEORGE
804.697.1254 telephone
804.698.6013 facsimile
tim.stgeorge@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
1001 Haxall Point
Richmond, VA 23219
804.697.1254 telephone
troutmansanders.com

January 28, 2015

**VIA ECF**
Hon. P. Kevin Castel
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Kulig v. Midland Funding, LLC*, No. 13-cv-4715

Dear Judge Castel:

      Defendants briefly respond to Plaintiff's counsel's letter of January 26, 2015 regarding the continued participation of Mr. Charles Delbaum in this putative class action. As a threshold matter, Defendants' request is not "premature," as this Court long ago ruled on Mr. Delbaum's adequacy as class counsel and required his withdrawal. (*See* Dkt. No. 106 at p. 12.)

      Nor was Defendants' request somehow made in "bad faith." After the January 15, 2015 call, I briefly discussed with in-house counsel the request to resume mediation. We agreed to reconvene the next week to determine how to proceed. Due to the intervening holiday weekend and the schedule of counsel, the first time I was able to reconvene with Defendants' in-house counsel was on the afternoon of January 26, 2015. It was decided that Defendants were not able to even consider any class settlement discussions that involved Mr. Delbaum due to the Court's Order. Defendants also decided that the issue needed to be brought to the Court's attention now in light of Mr. Bromberg's troubling email request that Defendants respond as to the issue of renewing settlement discussions that included Mr. Delbaum. The letter was then filed.

      Lastly, my letter to the Court was not intended to somehow gain an unfair advantage. I tried unsuccessfully to reach Mr. Bromberg by phone shortly before filing the letter. Moreover, I reasonably expected that Mr. Bromberg would be able to submit a response to my one-page letter before the three business day deadline under the Court's individual practices had passed. Also, if any further extension was needed to respond due to the bad weather, Defendants would have freely consented to any such request by Plaintiff. Plaintiff's counsel, however, responded at length in a matter of hours. All of this also occurred after almost two months of attempting to proactively work with Plaintiff's counsel in good faith to resolve the issue without the Court's assistance, even though the Court's clear Order is self-executing and leaves nothing to discuss.

      Sincerely,

Timothy J. St. George

ATLANTA   BEIJING   CHICAGO   HONG KONG   NEW YORK   NORFOLK   ORANGE COUNTY   PORTLAND
RALEIGH   RICHMOND   SAN DIEGO   SHANGHAI   TYSONS CORNER   VIRGINIA BEACH   WASHINGTON, DC