# BROMBERG LAW OFFICE, P.C.

Brian L. Bromberg (Admitted in NY & CA)
Jonathan R. Miller, Associate (Admitted in NY & MO)

26 Broadway, 21st Floor
New York, NY 10004
Phone: (212) 248-7906
Fax:   (212) 248-7908

January 29, 2015

**MEMO ENDORSED**

Via ECF
Honorable P. Kevin Castel, U.S.D.J.
Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-18-15

Re: *Carol Kulig v. Midland Funding, L.L.C., et al.*, No. 13-CV-4715 (PKC)

Dear Judge Castel:

As this Court is aware from recent filings, including several letters submitted this week by the undersigned and by Timothy St. George, Esq. for Midland, I have been substituted for Ahmad Keshavarz, Esq. as counsel for Ms. Kulig and the putative class she is seeking to represent. This Court has previously denied class certification on the ground that adequacy of class counsel had not been demonstrated when Mr. Keshavarz was the proposed lead counsel. *See* Order of September 26, 2014 (Dkt 106) and Order of November 20, 2014 (Dkt. 120). I now respectfully request a pre-motion conference to schedule *limited* briefing on a renewed motion for class certification.

All parties have had a full and fair opportunity to brief the relevant issues under Fed. R. Civ. P. Rule 23(a) and (b)(3), each side having submitted two briefs. *See* Dkt Nos. 56, 73, 87 and 95. With one minor exception, new briefing could be confined to the adequacy of proposed new class counsel. This issue would include the question of whether – assuming *arguendo* this Court finds me adequate class counsel and also that the other prerequisites for class certification have been satisfied – Charles Delbaum, Esq. also be appointed to work with me as class counsel.

Apart from the adequacy of class counsel issue, plaintiff requests that the parties be permitted to bring to the Court's attention only relevant new cases that have been decided subsequent to the conclusion of the previous briefing. In other words, plaintiff submits that there is no need to rehash issues that have already been briefed.

Respectfully,

/s/ Brian L. Bromberg
Brian L. Bromberg

---

**Memo endorsement (handwritten):**

Any party wishing to make any submission or a certification of Rule 23 shall do so by March 3. Plaintiff is seeking class certification; she must file a notice of motion. The parties are free to rely on their prior submissions [or] make that date. If to the extent they demonstrate that the Rule 23 standards are or are not met. The Court declines to give an advisory opinion on whether plaintiff's submissions are adequate.

SO ORDERED.
[signature] /PKC/ USDJ 2-18-15